Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
bgriffith@swlaw.com
*Attorneys for Defendant Energy Group Consultants, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPERION ENERGY CORP., a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas corporation,<br><br>Defendants. | Case No.: 2:19-cv-00115-RFB-GWF<br><br>**DEFENDANT ENERGY GROUP CONSULTANTS, INC.'S MOTION TO DISMISS** |

Defendant Energy Group Consultants, Inc. ("EGC" or "Defendant") respectfully moves to dismiss Plaintiff's Amended Complaint against it, pursuant to Federal Rule of Civil Procedure 12(b)(2). In support, EGC states as follows:

**I.    INTRODUCTION**

Plaintiff seeks damages from EGC under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, arising from sales calls that he allegedly received at a Pennsylvania phone number listed on the Do Not Call registry. EGC is customer acquisition company incorporated in Kansas, with its principal place of business in Kansas. It is not registered to do business in Nevada, nor does it conduct any business activities in Nevada. Its sole connection to the state is its contract with defendant Sperian Energy Corp. ("Sperian"), a Nevada corporation.

Under this contract, EGC seeks to acquire customers for Sperian in the states in which it operates – which do *not* include Nevada. EGC never purposely directs marketing calls to Nevada – nor does it have any reason to, as Nevadans are not eligible to be Sperian customers.

This Court lacks general jurisdiction over EGC due to the extremely limited nature of its contacts with Nevada. It also lacks specific jurisdiction because the claims arise from EGC's activities directed at another state entirely, and the alleged injury occurred there. Accordingly, Plaintiff's claims against EGC must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.

## II.     FACTUAL BACKGROUND

Plaintiff is a resident of Pennsylvania, Compl. at ¶ 2, and contends that he received telemarketing calls at his home phone number in Pennsylvania, which was listed on the Do Not Call Registry. *Id.* at ¶¶ 23-24. After answering one of the calls, Plaintiff allegedly learned that EGC was calling on behalf of Sperian, to promote Sperian's services.[1] *Id.* at ¶¶ 34-35. Plaintiff does not claim to have any connection to the state of Nevada.

EGC is a customer acquisition company that utilizes telemarketing on behalf of its clients. **Ex. A**, Affidavit of Jason King, at ¶ 4. It is incorporated in Kansas and has its principal place of business in that state. *Id.* at ¶ 5. It is not registered to do business in the state of Nevada, and neither maintains a physical presence nor conducts business activity there. *Id.* at ¶¶ 6. It has no real estate, offices, equipment, bank accounts, investments, or employees in the state of Nevada. *Id.* at ¶ 7. Its sole connection to Nevada is its contract with Sperian, under which it engages in marketing efforts in several states in the Midwest and East Coast. *Id.* at ¶ 9. By Plaintiff's own account, Sperian offers services in Illinois, New York, Pennsylvania, New Jersey, Maryland, and Ohio – its service areas do *not* include Nevada. Complaint at ¶ 13. Hence there is no reason for Sperian to seek customers there. Accordingly, none of EGC's activities on behalf of Sperian are directed at Nevada. *Id.* at ¶ 10. Neither does EGC target Nevada residents for any of its other clients. *Id.*

---

[1] In reality, the calls were made by a third-party contracted by EGC, making the claims against EGC even weaker. However, for purposes of this Motion, EGC will speak as though it made the calls itself, as Plaintiff alleges.

## III.  ARGUMENT

**A.  Analytical Framework**

Personal jurisdiction is a constitutional requirement meant to protect the interests of defendants by ensuring they are not haled into a distant forum to which they have little to no connection. *Worldwide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Federal courts apply state law to determine "the bounds of their jurisdiction" over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Since Nevada law allows personal jurisdiction to the extent constitutionally allowed, Nev. Rev. Stat. 14.065(1) (1995), this Court must determine whether it may exercise jurisdiction without offending constitutional due process. In order to exert jurisdiction, the constitution requires that a defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Importantly, the constitutional requirements for jurisdiction must be met for *each* defendant; a court may not exercise jurisdiction over all defendants in a case based on its jurisdiction over one. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Thus, this Court must determine whether the jurisdictional requirements are met for EGC itself, not Sperian, and dismiss the claims against EGC if jurisdiction is lacking.

**B.  Nevada cannot exercise general jurisdiction over EGC.**

"Only a limited set of affiliations with a forum will render a defendant amenable" to general, or "all-purpose," jurisdiction there. *Daimler*, 571 U.S. at 137. For a court to exercise general jurisdiction over a foreign corporation, "the corporation must be **at home in the forum**." *Id.* (emphasis added); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."). The paradigm forums for general jurisdiction for a corporation are its place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137.

- 3 -

4819-3024-1171

Here, Plaintiff has failed to allege any facts from which the Court could conclude EGC is "at home" in Nevada. *See id.* As noted above, EGC is incorporated and has its principal place of business in Kansas. Ex. A at ¶ 5. It maintains no physical presence in Nevada, and conducts no business activity there. *Id.* at ¶ 6. Its only affiliation with the state of Nevada is its contract with Sperian, to conduct business activities from outside of Nevada, directed at states not including Nevada. *Id.* at ¶ 9. Thus, it is clear beyond dispute that this Court does not have general jurisdiction over EGC.

**C.    Nevada cannot exercise specific jurisdiction over EGC, because EGC did not purposefully direct activities toward the state.**

The Ninth Circuit has adopted a three-prong test to determine whether a defendant has the "minimum contacts" required to establish specific jurisdiction:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

"'The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). "'If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.'" *Id.*

When the claims arise from alleged tortious conduct, the purposeful direction test is applied, whereas the purposeful availment test applies to contractual claims. *Morrill*, 873 F.3d at 1142 and 1149 (9th Cir. 2017) (citations omitted). Claims based on TCPA violations, such as those brought by Plaintiff, sound in tort. *See Van Patter v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043

- 4 -

(9th Cir. 2017) (noting that in enacting the TCPA, Congress found telemarketing could be an invasion of privacy and a nuisance, which have long been recognized as torts); *see also City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 163-64 (3rd Cir. 2018) (stating that "[t]he TCPA codifies common law torts such as invasion of privacy, nuisance, and trespass to chattels" and citing numerous decisions from courts nationwide finding likewise). Therefore, the appropriate test to apply to the case at hand is the purposeful direction test. In order to meet his initial burden to establish jurisdiction over EGC in Nevada, Plaintiff must show that: (1) EGC purposefully directed its activities toward Nevada, and (2) his claims against EGC arise from or relates to EGC's Nevada activities. If he fails to satisfy either of those prongs, his claims against EGC must be dismissed for lack of personal jurisdiction.

To establish purposeful direction, the defendant must have "'(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Morrill*, 873 F.3d at 1142 (citations omitted). "Harm suffered in the forum state is a necessary element in establishing purposeful direction." *Id.* at 1144 (citation omitted).

Here, the purposeful direction test cannot be met. By Plaintiff's own account, EGC's activity on Sperian's behalf were *not* targeted at Nevada. *See* Complaint at ¶¶ 13, 17 (stating that EGC sought to engage new clients for Sperian, which serves Illinois, New York, Pennsylvania, New Jersey, Maryland, and Ohio – *not* Nevada). Furthermore, the harm he alleges was suffered in Pennsylvania, not Nevada. *See* Complaint at ¶¶ 2, 23 (stating that Plaintiff is a resident of Pennsylvania, and that the alleged phone calls were received at his residential phone line).

Besides the fact that EGC did not target Nevada on behalf of Sperian, EGC has *never* directed its activities to Nevada. It has never aimed marketing calls to that state, on behalf of Sperian, or any other client. Ex. A at ¶ 10. Furthermore – and dispositive in itself – there is no allegation that harm was suffered in Nevada, which necessarily defeats any allegation of purposeful direction. *Morrill*, 873 F.3d at 1144.

The U.S. Supreme Court's opinion in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, et al.*, 137 S.Ct. 1773 (2017), further demonstrates the

impossibility of specific jurisdiction over EGC. In that case, the Supreme Court considered California's exercise of jurisdiction over Bristol-Myers Squibb ("BMS"), a pharmaceutical company incorporated in Delaware and headquartered in New York, for claims brought by non-California residents. *Id.* at 1777. BMS operated research and laboratory facilities in California, and employed over 400 people in the state. *Id.* at 1778. It also sold Plavix, the drug alleged by plaintiffs to have caused their injuries, in California, with in-state sales totaling almost 187 million pills, for over $900 million. *Id.* Despite these connections to the state of California, the Supreme Court noted that "[t]he relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition, . . . all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Id.* at 1782. Because of this, the Court said, "It follows that the California courts **cannot** claim specific jurisdiction." *Id.* (emphasis added) (citing *World-Wide Volkswagon Corp.*, 444 U.S. at 295 (finding no personal jurisdiction in Oklahoma because the defendant 'carr[ied] on no activity whatsoever in Oklahoma')).

In other words, the U.S. Supreme Court found it was error for California to exercise specific jurisdiction over BMS, despite its extensive activities in the state – including its significant distribution and sales of the specific drug at issue – because the conduct giving rise to the claims of nonresidents occurred elsewhere and their injuries were suffered elsewhere. Similarly, here, Plaintiff is a non-Nevada resident claiming that conduct occurring outside Nevada caused him harm outside Nevada. Unlike in *Bristol-Myers Squibb*, however, EGC has never directed any conduct related to Plaintiff's claims toward this forum, making it even clearer that there is no proper basis for jurisdiction. If specific jurisdiction over nonresidents' claims in *Bristol-Myers Squibb* was unconstitutional, the exercise of specific jurisdiction by this Court over EGC would likewise be unconstitutional and plain legal error.

**D.   Nevada's assertion of personal jurisdiction over EGC in the circumstances of this case would offend traditional notions of fair play and substantial justice.**

In addition, considering the tenuous connection between EGC and the state of Nevada – from which state EGC never acted, toward which it never directed its activities, and in which it never caused injury – it would be manifestly unfair to hale EGC into this Court. To determine

whether jurisdiction by a forum comports with the traditional notions of fair play and substantial justice, courts must consider: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 466 (1985). These factors weigh in favor of dismissal, given the absence of a relationship between EGC and Nevada.

First, haling EGC into this Court would impose a significant burden on EGC. EGC is a Kansas corporation with no operations, personnel, or connection to the state of Nevada, other than a single business contract with a Nevada company, to provide services in other states. It would be neither predictable nor fair to hale EGC into this Court for claims arising from the telephone solicitation of non-Nevadan clients, for an injury that occurred in Pennsylvania, to a plaintiff who likewise lacks any connection to Nevada.

Second, this forum does not have any significant interest in adjudicating this dispute, as it relates to EGC. Neither Plaintiff nor EGC have any meaningful connection to Nevada, and the relevant conduct occurred outside the forum, with the alleged injury not suffered here.

Third, this forum would not provide "convenient relief" for Plaintiff. Plaintiff is a Pennsylvania resident, and litigating in Nevada would surely be less convenient to him than litigating in his home state or somewhere nearer his home.

Further, there is no interest of the interstate judicial system in obtaining efficient resolution, or the several states in furthering fundamental substantive social policies, that would be harmed by this Court's dismissal of the claims against EGC. The claims against it can be properly brought in another forum, and if the Plaintiff so desired, he could seek remedies against both defendants in a single adjudication, should he elect to dismiss all claims and bring them in a suitable forum.

In short, there are no factors weighing in favor of this Court's exercise of jurisdiction, and many which would cause its exercise thereof to be offensive to traditional notions of fair play and substantial justice. Thus, even if Plaintiff could meet the first two prongs of the test for specific jurisdiction, which he cannot, this Court should still refuse to exercise jurisdiction over EGC.

### IV. CONCLUSION

Plaintiff cannot satisfy his burden to establish that this Court has personal jurisdiction over EGC. Plaintiff has alleged no facts to support general jurisdiction, and the exercise of specific jurisdiction would violate due process, for the reasons discussed above. There is no discovery that could, even in theory, overcome the uncontroverted facts that defeat jurisdiction. Further, this Court's exercise of jurisdiction over EGC would violate traditional notions of fair play and substantial justice. Accordingly, EGC requests that this Court dismiss the action against it without further inquiry.

Dated: April 10, 2019.

SNELL & WILMER L.L.P.

By: */s/ Blakeley E. Griffith*
Blakeley E. Griffith (NV Bar No. 12386)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
*Attorneys for Defendant Energy Group Consultants, Inc.*

4819-3024-1171

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT ENERGY GROUP CONSULTANTS, INC.'S MOTION TO DISMISS** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by               , a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below:

DATED this 10th day of April 2019.

　　　　　　　　　　　　　　　　　　　　 */s/ Gaylene Kim*
　　　　　　　　　　　　　　　　　　　　An employee of SNELL & WILMER L.L.P.

4819-3024-1171