CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968;
Fax: 1-702-825-8071
Email: attcbf@cox.net

ANTHONY I. PARONICH, ESQ.
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327
Email: anthony@broderick-law.com
*Pro Hac Vice*

*Attorneys for Plaintiff Andrew Perrong and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SPERIAN ENERGY CORP, a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas corporation.<br><br>    Defendants. | NO. 2:19-cv-00115-RFB-GWF<br><br>**PLAINTIFF'S MOTION TO COMPEL ENERGY GROUP CONSULTANTS, INC. TO GATHER RECORDS FROM THEIR VENDOR TO AVOID THE DESTRUTION OF RECORDS THAT IDENTIFY PUTATIVE CLASS MEMBERS** |

1

Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). The Plaintiff seeks to represent a putative class of individuals who are similarly situated for individuals called by Energy Group Consultants, Inc. ("Energy Group") for the benefit of Sperian Energy Corp. ("Sperian").

One of the only meaningful ways to identify putative class members in TCPA cases is through calling records. However, not all telecommunications carriers preserve calling records for the length of the Plaintiff's putative class period. As such, the Plaintiff has repeatedly attempted to confer with Energy Group's counsel about the need to gather this information from third parties, but it has not been done. At this point, the Plaintiff believes he must secure a Court Order requiring this to be done so Energy Group will ensure it is completed.

In further support of this motion, the Plaintiff states as follows:

1.      Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2.      The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or to a service for which the party is charged per call. *See* 47 U.S.C. § 227(b)(1)(A). The TCPA also prohibits making multiple telemarketing calls in a

12-month period to numbers that are on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

3.     The Plaintiff has alleged that Energy Group sent automated telemarketing calls to the cellular telephones, telephone numbers where parties are charged for the call, and numbers on the National Do Not Call Registry for the benefit of Sperian without the recipient's prior express written consent.

4.     Because the calls were likely transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff brought this action on behalf of a proposed nationwide class of other persons.

5.     The classes of persons Plaintiff seek to represent includes:

Class 1:

All persons to whom:  (a) Sperian Energy and/or a third party acting on Sperian Energy's behalf, made one or more non-emergency telephone calls; (b) using an automatic telephone dialing system; (c) to their cellular telephone number or to a telephone number that is charged for the call; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

Class 2:

All persons to whom: (a) Sperian Energy and/or a third party acting on Sperian Energy's behalf, made more than one non-emergency telephone calls; (b) to a residential telephone number; (c) that had been listed on the National Do Not Call Registry for at least 31 days prior to the first call; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

*See* ECF No. 12 at ¶ 61.

6.     The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues");

*See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

7.     However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Attached as <u>Exhibit 1</u> is a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice.

8.     As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time.

9.     This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where plaintiffs were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

10.     As a result, putative class plaintiffs in TCPA cases are left to either secure an assurance that all of the records have been retrieved and are maintained or file a motion to ensure that this occurs. *See e.g. Fitzhenry v. Career Education Corporation, et. al.*, United States

District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); *See e.g. Dickson v. Direct Energy, Inc., et. al.,* United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-GJL (Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor).

11. Here, the Plaintiff began to confer with Energy Group about calling records as soon as counsel for Energy Group appeared on March 25, 2019. *See* Exhibit 2.

12. Despite repeated follow ups from counsel for the Plaintiff, and granting Energy Group an extension of time to respond to the Complaint, Energy Group has not retrieved the calling records from their vendor, which are at risk of destroying documents that identify putative class members every day. *Id.*

WHEREFORE, the Plaintiff requests that the Court order that Energy Group retrieve all telecommunications records from their vendor so the parties are not at risk of imminent destruction of records.

RESPECTFULLY SUBMITTED AND DATED this 19th day of April, 2019.

By: /s/ *Anthony I. Paronich*
Anthony I. Paronich

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all attorneys of record.

By: /s/ *Anthony I. Paronich*
Anthony I. Paronich