# Anthony Paronich

| | |
|---|---|
| **From:** | Anthony Paronich |
| **Sent:** | Wednesday, April 3, 2019 11:10 AM |
| **To:** | 'James "Jake" L. Banks' |
| **Cc:** | 'Amber N. Moore'; 'Adrienne McEntee'; 'Jennifer Murray' |
| **Subject:** | RE: Perrong v. Sperian, et al. |

Hello, Jake. We don't oppose that request, and are open to a further extension once the calling records have been gathered from G Energy. So, we'll wait for an update on where that stands.


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


**From:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
**Sent:** Wednesday, April 3, 2019 10:59 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>
**Subject:** FW: Perrong v. Sperian, et al.

Good morning Anthony,

EGC has gathered most of our internal documents germane to Plaintiff's suit.  We have also identified all third-parties who might possess responsive information and instructed those parties to preserve and gather such information and provide same to EGC.  To date we have not received any materials from any third-parties, but we are communicating with these entities and believe such information will be forthcoming.

Today, we plan to file a motion seeking a two-week extension of time to answer or otherwise plead.  Please let us know if Plaintiff will oppose this request.

As always, should you have any questions or concerns, please do not hesitate to contact me.

Thanks,

1

**Jake Banks**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.974.8713 | F: 601.960.8613
jake.banks@formanwatkins.com

**FormanWatkins**

---

**From:** James "Jake" L. Banks
**Sent:** Friday, March 29, 2019 3:05 PM
**To:** 'Anthony Paronich' <anthony@paronichlaw.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>; Jennifer Murray <jmurray@terrellmarshall.com>; AMcEntee@tmdwlaw.com
**Subject:** RE: Perrong v. Sperian, et al.

Anthony-

We do not yet have possession of the G-Energy documents. But we are working to obtain them as soon as possible. I cannot promise that we will have everything before our Answer date. I understand if you cannot grant an extension under these circumstances, but I would appreciate it if you would consider doing so, given our good faith efforts to date.

Thanks,

**Jake Banks**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.974.8713 | F: 601.960.8613
jake.banks@formanwatkins.com

**FormanWatkins**

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, March 29, 2019 12:56 PM
**To:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>; Jennifer Murray <jmurray@terrellmarshall.com>; AMcEntee@tmdwlaw.com
**Subject:** RE: Perrong v. Sperian, et al.

Thanks, Jake. Could you please advise as to the current status of records of G-Energy's outbound calling activities engaged in for EGC?

If those records have been gathered and passed to EGC, we're fine with an extension. Otherwise, our response will be based on their status.

Also, please do let us know which other marketing companies have been contacted and the status of those records. However, while relevant to this analysis, it will not be dispositive on our position like EGC will be.

Regards,

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
**Sent:** Friday, March 29, 2019 1:46 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>; Jennifer Murray <jmurray@terrellmarshall.com>; AMcEntee@tmdwlaw.com
**Subject:** RE: Perrong v. Sperian, et al.

Anthony-

EGC would not have made any of the calls alleged by Mr. Perrong in his suit.  Instead, these calls, if any, would have been made by G-Energy, an independent contractor hired by EGC on or about October 1, 2018.  EGC is preserving and gathering all records in its possession relating to any calls made by G-Energy pursuant to this arrangement, and we have instructed G-Energy to do the same.  We have also asked G-Energy to provide us with all responsive materials as soon as possible.

With regard to documents concerning Plaintiff's class allegations, EGC contracted to perform marketing services for Sperian on August 28, 2017.  EGC contracted with third-parties other than G-Energy to make sales calls in connection with this agreement, prior to retaining G-Energy to do so on October 1, 2018.  EGC will preserve and gather all records in its possession relating to these calls.  And we will instruct all third-party callers to do the same and provide such materials to EGC immediately.

We look forward to a constructive dialogue regarding this issue.    Thanks,

**Jake Banks**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.974.8713 | F: 601.960.8613
jake.banks@formanwatkins.com

FormanWatkins

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, March 29, 2019 11:16 AM
**To:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>; Jennifer Murray <jmurray@terrellmarshall.com>; AMcEntee@tmdwlaw.com
**Subject:** Re: Perrong v. Sperian, et al.

Jake:

I am happy to discuss the issue, but with the importance of the retention and recovery of calling records, please provide us with a written explanation first so I can discuss the issue with my client and co-counsel so we may have an informed discussion when we speak.

Anthony

On Mar 29, 2019, at 12:13 PM, James Jake L. Banks <Jake.Banks@formanwatkins.com> wrote:

> Good morning Anthony,
>
> Do you have time for a call today or Monday. I want to update you on the document retention issues discussed on Monday and a potential extension of time for EGC to Answer. Thanks,
>
> **Jake Banks**
> Forman Watkins & Krutz LLP
> 210 East Capitol Street, Suite 2200
> Jackson, Mississippi 39201-2375
> D: 601.974.8713 | F: 601.960.8613
> jake.banks@formanwatkins.com
> <image001.png>
>
> **From:** Anthony Paronich <anthony@paronichlaw.com>
> **Sent:** Monday, March 25, 2019 10:09 AM
> **To:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
> **Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>
> **Subject:** RE: Perrong v. Sperian, et al.
>
> Jake:
>
> Thanks for chatting with me. As promised, below is the information I mentioned.
>
> The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Attached is a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice. Call detail records are one of the most meaningful ways

putative class members can be identified in TCPA pre-recorded telephone call cases. As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time. Acknowledging the consequences of a failure to gather these telemarketing records, courts have previously authorized an early discovery period in a TCPA case. *See e.g. Mey v. Interstate National Dealer Services, Inc., et. al.*, United States District Court for the Northern District of Georgia, Civil Action No 14-cv-01846, Dkt. No. 23; *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016). Courts have also granted pre-discovery motions to compel defendants to gather these records from their third-party vendors. *See e.g. Dickson v. Direct Energy, Inc., et. al.,* United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-GJL (Order Entered May 21, 2018). In hopes of avoiding such motion practice, could you please advise as to the status of the calling records for ECG's telemarketing conduct, and if there are any third parties involved as it relates to the Sperian relationship, please confirm that the records have been gathered from those third parties (e.g. a calling center that was retained).

Finally, you're likely already aware, but ECG should take a look at any possible insurance coverage for this matter. Courts have long held that CGL policies can provide coverage for TCPA claims. *Penzer v. Transportation Insurance Company*, 29 So. 3d 1000, 1005; 2010 Fla. LEXIS 111 (Fla. Jan 28, 2010) (TCPA states a claim for invasion of privacy, and concept of privacy is not limited to secrecy as opposed to seclusion); *Hooters of Augusta, Inc. v. American Global Insurance*, 272 F.Supp.2d 1365 (S.D. Ga. 2003), *affirmed*, 157 Fed Appx 201; 2005 U.S.App. LEXIS 26765 (11th Cir. 2005); *Terra Nova Ins. Co. v. Fray-Witzer*, 449 Mass. 406, 415 (Mass. 2007) (this case was litigated by counsel for the Plaintiff). In fact, even if the defendants' CGL policy has a TCPA exclusion, there has been case law that has found that such policies may still provide coverage. *See e.g. Addison Automatics, Inc. v. Neth. Ins. Co.*, 32 Mass. L. Rep. 714 (Mass. Super. Ct. 2015). Additionally, recent cases and filings have supported the possibility that a parties D&O policy may apply to TCPA claims as well. *See e.g.* http://www.foley.com/intelligence/detailpdf.aspx?int=fbc14d84-647c-40b1-b4c7-0100bf9c961a ("D&O Policies: A Possibility for TCPA Coverage"); http://www.dandodiary.com/2015/09/articles/d-o-insurance/do-insurance-the-question-of-coverage-for-tcpa-claims/ ("D&O Insurance: The Question of Coverage for TCPA Claims").


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com/

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying

of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
**Sent:** Monday, March 25, 2019 10:56 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>
**Subject:** RE: Perrong v. Sperian, et al.

Good morning Anthony. What is the best number to reach you on?

**Jake Banks**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.974.8713 | F: 601.960.8613
jake.banks@formanwatkins.com
<image001.png>

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, March 22, 2019 2:56 PM
**To:** James "Jake" L. Banks <Jake.Banks@formanwatkins.com>
**Cc:** Amber N. Moore <Amber.Moore@formanwatkins.com>
**Subject:** Re: Perrong v. Sperian, et al.

Nice to meet you, Jake. I could chat at 11:00 EST. Does that work for you?

On Mar 22, 2019, at 3:54 PM, James Jake L. Banks <Jake.Banks@formanwatkins.com> wrote:

> Good afternoon Anthony,
>
> I am writing to advise that I have been retained to represent EGC in the above-captioned matter. Do you have some time Monday morning to discuss this case. I am available any time after 9:30 CDT.
>
> Thanks,
>
> **Jake Banks**
> Forman Watkins & Krutz LLP
> 210 East Capitol Street, Suite 2200
> Jackson, Mississippi 39201-2375
> D: 601.974.8713 | F: 601.960.8613
> jake.banks@formanwatkins.com
> <image001.png>

<u>Important Confidentiality And Limited Liability Notice</u>--
This email and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Please note that any views or opinions expressed in this email are solely those of the author and do not necessarily represent those of Forman Watkins & Krutz LLP. (FWK). The recipient should check this email and any attachments for the presence of viruses. FWK accepts no liability for any damage caused by any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].