KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Gary Schnitzer (Nevada Bar No. 395)
gschnitzer@ksjattorneys.com
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Direct Tel.:     702.222.4142
Facsimile:      702.362.2203

BLANK ROME LLP
Ana Tagvoryan (admitted *pro hac vice*)
atagvoryan@blankrome.com
Harrison Brown (admitted *pro hac vice*)
hbrown@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:     424.239.3400
Facsimile:      424.239.3434

*Attorneys for Defendant*
TOMORROW ENERGY CORP. fka SPERIAN ENERGY CORP.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>SPERIAN ENERGY CORP., a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation,<br><br>　　　　　　　　Defendants.<br><br>Related Cross-Claims and Third-Party Claims | Case No. 2:19-cv-00115-RFB-GWF<br><br>**TOMORROW ENERGY CORP FKA SPERIAN ENERGY CORP'S REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVES DEFENSES OF ENERGY GROUP CONSULTANTS, INC. AND ENERGY GROUP CONSULTANTS, LLC** |

## I. INTRODUCTION

The opposition of Cross-Defendant Energy Group Consultants, Inc. and Third-Party Defendant Energy Group Consultants, LLC (collectively, the "EGC Parties") to the motion by Cross-Complainant and Third-Party Plaintiff Tomorrow Energy Corp fka Sperian Energy Corp. ("Sperian") to strike affirmative defenses relies upon an overbroad interpretation of the "fair notice" standard for evaluating affirmative defenses to permit the inclusion of defenses that have nothing to do with the claims at issue. The "fair notice" standard does not permit such "redundant, immaterial, [and] impertinent" matter and, thus, the EGC Parties' Fifth, Seventh, Eighth, Ninth, Tenth, Twelfth, Fourteenth, Sixteenth, and Seventeenth Affirmative Defenses[1] fail and should be stricken.

## II. ARGUMENT

Sperian's claims against the EGC Parties relate entirely to a contractual dispute over the EGC Parties' obligations to defend and indemnify Sperian for conduct alleged by Plaintiff Andrew Perrong ("Plaintiff") in this case. (*See generally* Dkt. No. 26.) With that narrow context in mind, most of the EGC Parties' Affirmative Defenses are irrelevant, inapplicable, and at times repetitive,[2] and thus should be stricken. The EGC Parties' argument that Sperian will not be prejudiced by these frivolous affirmative defenses is false—should they not be removed, Sperian will be required to waste financial resources conducting discovery relating to these defenses, and the Court will eventually be required to waste time in having to dispose of them.

### A. Fifth Affirmative Defense

The Court should strike the EGC Parties' Fifth Affirmative Defense that "Sperian is barred from any recovery in this action by the equitable doctrines of laches and failure to do equity with respect to the matters alleged in the Complaint." The EGC Parties' only support for this assertion is their claim that they are not required to plead all elements of their defense, but that is not what Sperian is challenging. The EGC Parties provide <u>no</u> support at all for the defense. As Sperian noted

---

[1] Sperian hereby withdraws its Motion to Strike as to the EGC Parties' Sixth, Eleventh, Thirteenth, and Fifteenth Affirmative Defenses.

[2] As the EGC Parties concede, their Sixteenth Affirmative Defense is redundant and may be stricken. (Dkt. No. 50, at p. 7 n.1.)

in its motion, Sperian notified the EGC Parties of the EGC Parties' defense and indemnity obligations within three weeks of the lawsuit being filed, and formally brought claims against the EGC Parties less than two months later. (*See* Dkt. No. 26.) A laches defense—i.e., that Sperian unreasonably delayed bringing claims against the EGC Parties—is simply not plausible, and can be determined just by looking at the docket in this matter.

### B. Seventh Affirmative Defense

The Court should strike the EGC Parties' Seventh Affirmative Defense that "Sperian's claims are barred because EGC's conduct is not unlawful in that EGC complies with applicable statutes and regulations." The EGC Parties' alleged compliance with applicable statutes and regulations is irrelevant to Sperian's contractual indemnity claims, and thus this defense cannot stand as a matter of law.

### C. Eighth Affirmative Defense

The Court should strike the EGC Parties' Eighth Affirmative Defense that "Sperian's claims against EGC are barred because any harm allegedly suffered by Sperian was caused and/or contributed to by third parties over whom EGC has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs." The contract between Sperian and the EGC Parties, which is quoted in the Motion, states the opposite: the EGC Parties are responsible for the acts of third parties. (*See* Dkt. No. 26, ¶ 21.) The EGC Parties may pursue a vicarious liability defense as to Plaintiff's claims, as is their right, but such a defense is irrelevant to Sperian's contractual indemnity claims as a matter of law.

### D. Ninth Affirmative Defense

The Court should strike the EGC Parties' Ninth Affirmative Defense that "Sperian seeks consequential damages which do not flow reasonably or foreseeably from the alleged breaches and are accordingly not recoverable." As Sperian's Prayer for Relief makes clear, Sperian does not request unreasonable or unforeseeable consequential damages, but merely what Sperian is entitled to pursuant to the contract between Sperian and the EGC Parties. (*See* Dkt No. 26, Prayer for Relief at ¶¶ 1-3.) The EGC Parties claim in their Opposition that Sperian seeks damages "outside the

indemnification provision's scope," but Sperian's claims are limited to the contractual language, and thus by definition cannot fall outside of the scope of the contract's provisions. (*See id.*)

### E. Tenth Affirmative Defense

The Court should strike the EGC Parties' Tenth Affirmative Defense that "Sperian's claims are barred because EGC did not engage in willful and/or knowing misconduct." None of Sperian's contractual indemnity claims depend on knowing or willful conduct, and thus this affirmative defense is frivolous and should be stricken.

### F. Twelfth Affirmative Defense

The Court should strike the EGC Parties' Twelfth Affirmative Defense that "[a]t all times relevant to Sperian's allegations, EGC's actions were taken in good faith, for legitimate purposes, and for just cause, and at no time did EGC act wrongfully or with malice or reckless indifference toward Sperian's purported rights." Whether the EGC Parties breached their contract with Sperian is independent of the EGC Parties' claimed good faith, and thus this affirmative defense should be stricken.

### G. Fourteenth Affirmative Defense

The Court should strike the EGC Parties' Fourteenth Affirmative Defense that "Sperian is barred from recovery in this action because it fraudulently induced EGC into accepting the contract by withholding materials [sic] facts known to Sperian." Affirmative defenses are not excluded from Federal Rule of Civil Procedure 9(b)'s requirement that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See also Server Tech., Inc. v. Am. Power Conversion Corp.*, No. 06-00698, 2011 WL 1743872, at *1 (D. Nev. May 6, 2011) ("Because the affirmative defense . . . sounds in fraud, the affirmative defense must be pled with particularity under Rule 9(b) . . ."). Because the EGC Parties do not provide any particular details—let alone the who, what, when, where, why, and how— the EGC Parties' Fourteenth Affirmative Defense fails.

### H. Seventeenth Affirmative Defense

The Court should strike the EGC Parties' Seventeenth Affirmative Defense that "Sperian has failed to allege a legally sufficient basis, in fact or in law, upon which to predicate an award of

punitive or exemplary damages or attorneys' fees and costs and such damages are, accordingly, not recoverable." Sperian does not seek punitive or exemplary damages, and the contract between the parties explicitly contemplates recovery of attorneys' fees and costs. (Dkt. No. 26, ¶ 21; Prayer for Relief at ¶¶ 1-3.) As such, the EGC Parties' Seventeenth Affirmative Defense fails.

## III. CONCLUSION

For the foregoing reasons, Sperian respectfully requests that the Court strike the EGC Parties' Fifth, Seventh, Eighth, Ninth, Tenth, Twelfth, Fourteenth, Sixteenth, and Seventeenth Affirmative Defenses Affirmative Defenses.

Dated: August 13, 2019

**BLANK ROME LLP**

By: /s/ *Ana Tagvoryan*
　　Ana Tagvoryan (admitted *pro hac vice*)
　　atagvoryan@blankrome.com
　　Harrison Brown (admitted *pro hac vice*)
　　hbrown@blankrome.com
　　2029 Century Park East | 6th Floor
　　Los Angeles, CA 90067
　　Telephone:　424.239.3400
　　Facsimile:　424.239.3434

**KRAVITZ, SCHNITZER & JOHNSON, CHTD.**

By: /s/ *Gary Schnitzer*
　　Gary Schnitzer (Nevada Bar No. 395)
　　gschnitzer@ksjattorneys.com
　　8985 S. Eastern Avenue, Suite 200
　　Las Vegas, Nevada 89123
　　Direct Tel.:　702.222.4142
　　Facsimile:　702.362.2203
　　*Attorneys for Defendant*
　　TOMORROW ENERGY CORP fka
　　SPERIAN ENERGY CORP

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, I served a true and correct copy of this document upon all counsel of record by using the United States District Court, District of Nevada's Case Management/Electronic Case Filing System that will electronically mail notification to the following counsel of record:

**Craig B. Friedberg**
Law Offices of Craig B. Friedberg
4760 South Pecos Road
Suite 103
Las Vegas, NV 89121
(702) 435-7968
(702) 946-0887 (fax)
attcbf@cox.net
*Attorneys for Plaintiff*

**Blakeley E. Griffith**
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
(702) 784-5200
(702) 784-5252 (fax)
bgriffith@swlaw.com
*Attorneys for Third Party Defendant, Energy Group Consultants, Inc.*

**Anthony I. Paronich**
Broderick & Paronich, PC
99 High St Ste 304
Boston, MA 02110
(508) 221-1510
anthony@paronichlaw.com
*Pro Hac Vice Attorney for Plaintiff*

_____
An Employee of Kravitz, Schnitzer & Johnson, Chtd.