**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
6605 Grand Montecito Parkway
Suite 200
Las Vegas, NV 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Energy Group*
*Consultants, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants | CASE NO.: 2:19-cv-00115-RFB-EJY<br><br><br>**ENERGY GROUP CONSULTANTS, INC.'S INDIVIDUAL STATUS REPORT** |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation,<br><br>Cross-Claimant and Third-Party Plaintiff,<br>v.<br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>Cross-Defendant, and<br><br>KEVIN SANGUDI, an individual,<br><br>Third-Party Defendant. | |
| Related cross-complaints and third-party complaints. | |

1                                                                KB/86

**ENERGY GROUP CONSULTANTS, INC.'S INDIVIDUAL STATUS REPORT**

Defendant ENERGY GROUP CONSULTANTS, INC. ("EGC"), by and through its undersigned counsel of record, hereby submits its individual Status Report.

**A.    RECENT PROCEDURAL HISTORY**

The law firm of ALVERSON TAYLOR & SANDERS substituted in as counsel of record for Defendant EGC on November 1, 2019.  Counsel for EGC received previous counsel's litigation file in this matter on November 5, 2019.  Counsel is currently reviewing what discovery has been conducted and what discovery is still needed.

**B.    STATUS OF DISCOVERY**

Discovery has been ongoing for several months.  Sperian has issued discovery requests to EGC.  On November 4, 2019, EGC filed an Emergency Motion to Enlarge the Time for EGC to adequately respond to the discovery until November 18, 2019.  The request for extension was requested in good faith and not for the purposes of delay and primarily in order to give substituted counsel an opportunity to review the parties' initial and supplemental disclosures and any prior discovery.

**C.    AREAS OF DISCOVERY**

ECG does not object to Sperian's proposed phased discovery plan.  Furthermore, EGC joins in Sperian's proposed discovery plan for Phase I and Phase II discovery, and, if discovery is not bifurcated, EGC joins in Sperian's proposed non-phased discovery plan.

**D.    ELECTRONICALLY STORED INFORMATION AND ELECTRONIC EVIDENCE**

The parties have discussed the disclosure and preservation of electronically stored information, including but not limited to the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such data where appropriate, the location and format of electronically stored information, appropriate steps to preserve electronically

stored information, and the allocation of costs of assembling and producing such information. The parties expect much discovery will be in electronic form and agree to meet and confer regarding the form(s) in which electronic discovery should be produced or otherwise made available. To the extent any issues regarding the format for electronic discovery arise, EGC will confer in good faith before bringing them to the attention of the Court.

### E.  ALTERNATIVE DISPUTE RESOLUTION

The parties have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and if applicable, early neutral evaluation ECG is amenable to early settlement discussions.

### F.  ALTERNATIVE FORMS OF CASE DISPOSITION

The parties have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the use of the Short Trial Program (General Order 2013-01). EGC does not consent at this time.

### G.  CLAWBACK

Pursuant to Rule 502 of the Federal Rules of Evidence, EGC agrees that if any Party produces material or documents without intending to waive a claim of privilege or confidentiality (the "Discloser"), the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser discovers that such material or documents were produced, the Discloser notifies all other parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

### H.  PRIVILEGE LOGS

EGC agrees to use categorical privilege designations. The parties may utilize any reasoned

method of organizing the documents that will facilitate an orderly assessment as to the appropriateness of withholding documents in the specified category.

EGC agrees that written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action need not be disclosed in any privilege log.

DATED this 7th day of November, 2019.

ALVERSON TAYLOR & SANDERS

_____
KURT R. BONDS, ESQ.
Nevada Bar #6228
ADAM R. KNECHT, ESQ.
Nevada Bar #13166
6605 Grand Montecito Pkwy., Ste. 200
Las Vegas, Nevada 89149
*Attorneys for Energy Group Consultants, Inc.*

**CERTIFICATE OF SERVICE VIA CM/ECF**

I hereby certify that on this 7th day of November, 2019, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **ENERGY GROUP CONSULTANTS, INC.'S INDIVIDUAL STATUS REPORT** addressed to:

//S// Teri Jenks_____
An Employee of ALVERSON
TAYLOR & SANDERS