1  BLANK ROME LLP
   Ana Tagvoryan (admitted *pro hac vice*)
2  atagvoryan@blankrome.com
   Harrison Brown (admitted *pro hac vice*)
3  hbrown@blankrome.com
   2029 Century Park East | 6th Floor
4  Los Angeles, CA 90067
   Telephone:    424.239.3400
5  Facsimile:    424.239.3434

6  KRAVITZ, SCHNITZER & JOHNSON, CHTD.
   Gary Schnitzer (Nevada Bar No. 395)
7  gschnitzer@ksjattorneys.com
   8985 S. Eastern Avenue, Suite 200
8  Las Vegas, Nevada 89123
   Telephone:    702.362.6666
9  Facsimile:    702.362.2203

10 Attorneys for
   TOMORROW ENERGY CORP.
11 fka SPERIAN ENERGY CORP.

12                  **UNITED STATES DISTRICT COURT**

13                      **DISTRICT OF NEVADA**

14

15 ANDREW PERRONG and JAMES EVERETT          Case No. 2:19-cv-00115-RFB-EJY
   SHELTON, individually and on behalf of all others
16 similarly situated,                       **DEFENDANT TOMORROW ENERGY
                                             CORP FKA SPERIAN ENERGY
17                         Plaintiff,         CORP'S OPPOSITION TO
                                             PLAINTIFFS' MOTION FOR
18        vs.                                SANCTIONS DIRECTED TO
                                             DEFENDANT ENERGY GROUP
19 TOMORROW ENERGY CORP fka SPERIAN          CONSULTANTS, INC.
   ENERGY CORP, a Nevada corporation, and
20 ENERGY GROUP CONSULTANTS, INC., a
   Kansas corporation, BAETYL GROUP LLC, a
21 Texas limited liability company,

22                         Defendants.

23 Related Cross-Claims and Third-Party Claims.

24

25

26

27

28

---
153423.00602/122419672v.1

**DEFENDANT TOMORROW ENERGY CORP FKA SPERIAN ENERGY CORP'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS DIRECTED TO ENERGY GROUP CONSULTANTS, INC.**

## I.   INTRODUCTION.

Tomorrow Energy Corp. fka Sperian Energy Corp. ("Tomorrow Energy" or "Sperian") hereby opposes the Emergency Motion for Sanctions filed by Plaintiffs Andrew Perrong ("Mr. Perrong") and James Everett Shelton ("Mr. Shelton") (together, "Plaintiffs") (Dkt. No. 113, the "Sanctions Motion").  Plaintiffs seek relief on the ground that Energy Group Consultants, Inc. ("EGC Inc.") "did not comply with the Court's order" to produce certain records or provide an affidavit by December 20, 2019.  (Dkt. No. 106.)

Sperian opposes this Sanctions Motion for three reasons.  First, Plaintiffs request sanctions against Sperian, even though Sperian has not violated any discovery order.  Second, Plaintiffs bootstrap to the Sanctions Motion an emergency request to modify the Court's bifurcation order, without following the local rule requiring Plaintiffs to identify the nature of the emergency and even though the requested relief would have no impact on any issue which could lead to early termination of this action.  Third, Plaintiffs ask the Court to approve an inspection of two third parties on the same date and time as the EGC Inc. inspection, even though Plaintiffs have yet to subpoena the inspections of the third parties at issue.

## II.   A PRELIMINARY NOTE ON THE PROPER PARTIES TO THIS SANCTIONS MOTION.

Mr. Perrong sued EGC Inc.  (*See* Dkt. No. 61.)  Mr. Perrong alleges that EGC Inc. called him.  (*See generally id.*)  Energy Group Consultants, LLC ("EGC LLC") is a party by virtue of Sperian's third-party complaint.  (*See* Dkt. No. 26.)  Mr. Perrong did not sue EGC LLC.  (*See* Dkt. No. 61.)  Mr. Perrong does not allege that EGC LLC called him.  (*See generally id.*)  Mr. Perrong has not issued any discovery to EGC LLC.

Mr. Shelton did not sue EGC LLC.  (*See generally id.*)  Mr. Shelton does not allege that EGC LLC called him.  (*See generally id.*)

The term "EGC" is not defined in the Sanctions Motion.  It appears that Plaintiffs intend for the term "EGC" to serve as a catch-all, and that Plaintiffs seek relief against both EGC Inc. and EGC LLC (together, the "EGC Parties").  Moreover, the Sanctions Motion is made by both Mr. Perrong

and Mr. Shelton, even though Mr. Shelton does not allege that the EGC Parties called him.  There is no basis to award any relief against EGC LLC or any relief in favor of Mr. Shelton.

Sperian brings these facts to the Court's attention because they are indicative of the cavalier attitude by which Plaintiffs have approached discovery and the local rules.  For example, and as discussed below: the sanction Plaintiffs seek would impact not only EGC Inc. but all defendants, including Sperian; Plaintiffs do not include in their declarations of counsel the required statement describing the "nature of the emergency" necessitating modification of the bifurcation order; and Plaintiffs ask the Court to permit inspection of the workstations of two third parties, even though Plaintiffs have not issued subpoenas to inspect the third parties' workstations.[1]

Sperian takes no position on whether EGC Inc. complied with the Court's order.  However, Sperian submits that any such relief awarded by the Court should be narrowly tailored so as not to prejudice Sperian.

## III.   RELEVANT PROCEDURAL HISTORY.

### A.   The Court's November 8, 2019 Order Directed EGC Inc. to Produce Call Records and Limited Discovery to the Issue of Vicarious Liability.

The Court held a status conference on November 8, 2019.  At Mr. Perrong's request, the Court ordered EGC Inc. to "produce call records, without names, for the period commencing with four years before the filing of the complaint up to one week prior to production" in order to ensure preservation of the records.  (Dkt. No. 104.)  The Court "further ordered [that] discovery shall be bifurcated."  (*Id.*)  The Court subsequently clarified that "Phase 1 of discovery is limited to the issue of vicarious liability."  (Dkt. No. 111.)

---

[1] Moreover, Plaintiffs have yet to fully comply with the Court's directive to provide a reasonable inspection protocol prior to Mr. Perrong's inspection of EGC Inc.  The parties continue to meet and confer regarding the protocol, and hope to resolve their dispute without the Court's intervention, however the parties have been awaiting a response from Plaintiffs' counsel since December 27, 2019.  If the parties are unable to reach an agreement by January 8, 2020, Sperian will seek the Court's intervention.

153423.00602/122419672v.1

3

**B.    The Court Subsequently Ordered EGC Inc. to Produce Additional Documents and Provide an Affidavit Regarding Its Efforts.**

On December 10, 2019, the Court held a telephone conference to resolve certain issues with respect to Sperian's proposed deposition of EGC Inc.  (Dkt. No. 106.)  The Court ordered EGC Inc. to produce "all emails, text messages, and call records" for which EGC Inc. previously promised to search by December 20, 2019.  (*Id.*)  The Court further ordered EGC Inc. to "explain, in writing, how it searched for additional responsive documents, and what, if anything, was located."  (*Id.*)  Finally, the Court ordered that if EGC Inc. is unable to produce call records by December 20, 2019, EGC Inc. must provide a written explanation of why it "is unable to do so and a date certain that is at least seven (7) days before the inspection for production of such call records."  (*Id.*)

**IV.    THE ADVERSE INFERENCE SANCTION REQUESTED BY PLAINTIFFS IS UNDULY PREJUDICIAL TO SPERIAN.**

The relief sought by Plaintiffs is overbroad and not narrowly tailored to the alleged failure by EGC Inc. to comply with the Court's order.  Specifically:

> Plaintiffs request that the jury be instructed that: EGC had a duty to preserve relevant evidence, including call records during the class period; that this evidence was allegedly destroyed because EGC did not take steps to change a retention policy that apparently only requires EGC's vendors to keep records for 30 to 90 days; as a result, the jury may infer that EGC failed to preserve and destroyed evidence because *the evidence would be favorable to Plaintiffs, and unfavorable to Defendants.*

(Sanctions Motion, Dkt. No. 113, at Page ID 13-14 (emphasis added).)  Sperian is not the subject of the discovery orders directing EGC Inc. to produce certain documents and an affidavit.  As Plaintiffs point out, an "adverse inference sanction should be carefully fashioned to deny the wrongdoer the fruits of its misconduct."  (*Id.* (citing *In re Oracle Corp. Sec. Litig.*, 627 F. 3d 376, 386 (9th Cir. 2010)).)  The alleged wrongdoer, in this instance, is EGC Inc.  There is no ground on which to issue an adverse inference that documents unfavorable to all the defendants, including Sperian, may have existed.

**DEFENDANT TOMORROW ENERGY CORP FKA SPERIAN ENERGY CORP'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS DIRECTED TO ENERGY GROUP CONSULTANTS, INC.**

Moreover, the relief sought by Plaintiffs is premature: Plaintiffs have not yet demonstrated that EGC Inc. destroyed any evidence.  As Plaintiffs note, "[a]n adverse inference instruction may be given *upon a finding that the evidence was destroyed* after a party was on notice of the potential relevance of the evidence to the litigation."  (Sanctions Motion, Dkt. No. 113, at Page ID 13 (citing *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993)).)  There has been no such finding. Plaintiffs have only established that EGC Inc. failed to produce documents and an affidavit by the court-ordered deadline.  In fact, Mr. Perrong has yet to conduct his inspection of EGC Inc., the purpose of which is to determine if EGC Inc. destroyed calling records.  (*See* Dkt. No. 105, Tr. of Nov. 8, 2019 Hr., at 29:11-17 ("[W]e have a pending request for inspection to EGC's headquarters … because we believe that there is evidence of class-wide calling records [and] there's been mixed messages about whether or not they exist.  So we would like to go in and inspect them ourselves if the Court would allow that.").)

Accordingly, Plaintiffs' request for an adverse inference "that EGC failed to preserve and destroyed evidence because the evidence would be favorable to Plaintiffs, and unfavorable to Defendants" should be denied.  Sperian respectfully submits that any award issued by the Court should be narrowly tailored to the issue of EGC Inc's alleged failure to comply with the Court's discovery orders.

## V.   PLAINTIFFS IMPERMISSIBLY SEEK TO EXPAND THE SCOPE OF THE COURT'S BIFURCATION ORDER AND IMPERMISSIBLY SEEK THIRD PARTY DISCOVERY WITHOUT HAVING FIRST ISSUED INSPECTION SUBPOENAS.

Plaintiffs ask the Court to "expand the scope of the January 14, 2020 inspection of EGC to include inspection of the workstations of Tyde Bonaparte and John Williams" and "expand the scope of discovery to the relationship between EGC and Team Integrity, including whether they are alter egos."  (Sanctions Motion, Dkt. No. 113, at Page ID 11.)  Each request is procedurally improper.

**A.      Plaintiffs Do Not Carry Their Burden to Show That the Bifurcation Order Needs to Be Modified on an Emergency Basis.**

Plaintiffs improperly seek to "conduct discovery directed to EGC that is beyond the scope of Phase I in order to determine the exact nature of the relationship between EGC and Team Integrity, including whether they are alter egos" (Dkt. No. 113, at Page ID 15) by way of this "emergency" Sanctions Motion.  Under LR 7-4, a request for judicial assistance in resolving an emergency dispute must "be accompanied by a declaration setting forth … the nature of the emergency."  Not one word in the declarations of Plaintiffs' counsel (Dkt. Nos. 113-1 and 113-2), or even the Sanctions Motion itself, so much as hints at the supposed need to modify the bifurcation order on an emergency basis.

Of course, there is no exigent need to modify the bifurcation order.  If Plaintiffs wish to modify the Bifurcation Order, Plaintiffs can do so via regular noticed motion procedure before the close of Phase I discovery; the Court recently extended the deadline to complete Phase I discovery to February 28, 2020 and extended the deadline to file a Phase I dispositive motion to March 31, 2020. (Dkt. No. 106.)

Moreover, Plaintiffs' request is substantively flawed.  This Court bifurcated discovery and limited Phase I to issues of vicarious liability because doing so could lead to the early termination of the action.  If Plaintiffs' theory is correct—and Plaintiffs prove that EGC Inc. and Team Integrity and/or Mr. Bonaparte and Mr. Williams are alter egos of each other—the legal effect would be that Team Integrity and/or Mr. Bonaparte and Mr. Williams are liable for EGC Inc.'s debts.  *See* Nev. Rev. Stat. § 78.747(1) ("Except as otherwise specifically provided by statute or agreement, no person other than a corporation is *individually liable for a debt or liability of the corporation* unless the person acts as the alter ego of the corporation.") (emphasis added); *see also Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1241 (D. Nev. 2008) ("'Where the alter ego doctrine applies, ... the two corporations are treated as one for purposes of determining liability … The effect of applying the alter ego doctrine is that the corporation and the individual who dominates it are treated as one, 'so that any act committed by one is attributed to both, and if either is bound, by contract, judgment, or otherwise, both are equally bound....'") (quoting *M/V Am. Queen v. San Diego*

*Marine Const. Corp.*, 708 F.2d 1483, 1490 (9th Cir. 1983) and *Dudley v. Smith*, 504 F.2d 979, 982 (5th Cir. 1974)).)   Discovery of Plaintiffs' alter ego theory at this stage would only needlessly increase costs which may be avoided altogether upon a finding that Sperian is not vicariously liable for the alleged calls to Mr. Perrong.

Accordingly, the Court should deny Plaintiffs' "emergency" request to modify the bifurcation order.

**B.      Plaintiffs Have Not Subpoenaed the Inspections of the Third Parties.**

Mr. Bonaparte and Mr. Williams are not parties to the case.  On December 3, 2019, Plaintiffs issued document subpoenas to Mr. Bonaparte and Mr. Williams.  (Declaration of Harrison Brown, ¶ 2, Exs. 1-2.)  In the document subpoenas, Plaintiffs identified certain documents (*see* Schedule A to the document subpoenas) and asked that the documents be produced "directly to the undersigned counsel electronically…."  (*Id.*)  In the notices of intent to serve the document subpoenas which Plaintiffs circulated to the parties, Plaintiffs advised that "[t]he requested documents are to be produced December 18, 2019, electronically via Email or Sharefile."  (*Id.*)  Neither document subpoena contemplates that Plaintiffs will physically inspect the witnesses' workstations.

Plaintiffs seek to use the instant Sanctions Motion to short-circuit the Federal Rules governing third party discovery.  To date, Plaintiffs have <u>not</u> issued subpoenas to perform on-site inspections of the workstations of Mr. Bonaparte and Mr. Williams.  (*Id.*, ¶ 3.)  As such, Plaintiffs' request to inspect the workstations of Mr. Bonaparte and Mr. Williams should be denied.

**VI.      CONCLUSION.**

For the foregoing reasons, Sperian respectfully requests that the Court deny Plaintiffs' request for an adverse inference "that EGC failed to preserve and destroyed evidence because the evidence would be favorable to Plaintiffs, and unfavorable to Defendants."  Sperian also respectfully requests that the Court deny Plaintiffs' request to modify the bifurcation order and deny Plaintiffs' request to inspect the workstations of Mr. Bonaparte and Mr. Williams.

1

DATED:  January 6, 2020

2

3

                                 By:  /s/ Harrison Brown

4

                                      BLANK ROME LLP
Ana Tagvoryan (admitted *pro hac vice*)
atagvoryan@blankrome.com
Harrison Brown (admitted *pro hac vice*)

5

hbrown@blankrome.com
2029 Century Park East | 6th Floor

6

Los Angeles, CA 90067
Telephone:424.239.3400

7

Facsimile: 424.239.3434

8

KRAVITZ, SCHNITZER & JOHNSON, CHTD.

9

Gary Schnitzer (Nevada Bar No. 395)
gschnitzer@ksjattorneys.com

10

8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

11

Telephone:702.362.6666
Facsimile: 702.362.2203

12

Attorneys for

13

TOMORROW ENERGY CORP.
fka SPERIAN ENERGY CORP.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT TOMORROW ENERGY CORP FKA SPERIAN ENERGY CORP'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS DIRECTED TO ENERGY GROUP CONSULTANTS, INC.**