**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
6605 Grand Montecito Parkway
Suite 200
Las Vegas, NV 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Energy Group*
*Consultants, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>     Defendants | CASE NO.: 2:19-cv-00115-RFB-EJY<br><br>**ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS DIRECTED TO DEFENDANT ENERGY GROUP CONSULTANTS, INC.** |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation,<br><br>     Cross-Claimant and Third-Party Plaintiff,<br>v.<br><br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>     Cross-Defendant, and<br><br>KEVIN SANGUDI, an individual,<br><br>     Third-Party Defendant. | |
| Related cross-complaints and third-party complaints. | |

*(left margin, vertical text)* ALVERSON TAYLOR & SANDERS LAWYERS 6605 GRAND MONTECITO PARKWAY, SUITE 200 LAS VEGAS, NV 89149 (702) 384-7000

KB/26465

**ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFFS'
EMERGENCY MOTION FOR SANCTIONS DIRECTED TO DEFENDANT ENERGY
GROUP CONSULTANTS, INC.**

COME NOW Defendant ENERGY GROUP CONSULTANTS, INC. ("EGC"), by and through its counsel of record, ALVERSON TAYLOR & SANDERS, files its Opposition to Plaintiffs' Motion for Sanctions against EGC. This opposition is based upon the following points and authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' Motion for Sanctions is entirely frivolous given EGC's good faith efforts to provide all parties in this litigation with everything it **AND**, presumably even Team Integrity has with respect to this litigation. Counsel has told Plaintiffs' counsel numerous times that EGC is not a call center and does not have a dialer. Even before this Court's order to request call logs from G-Energy and Team Integrity, EGC had requested, even demanded, the same from Team Integrity and G-Energy. *See* **Exhibit A**, Affidavit of Adam R. Knecht.

Indeed, on March 29, 2019, counsel for EGC sent correspondence to G-Energy notifying G-Energy of the current litigation and demanded that G-Energy "**preserve all evidence related to any calls made by G-Energy on behalf of Sperian from January 1, 2015 through present**, including, but not limited to, all call detail records, any emails or other communications, all telephone handling policies and procedures, all account notes, and all audio recordings." *Id.*; see also Exhibit C.   The preservation letter also requested that "[o]nce this information has been gathered and preserved, please forward same to me for inspection." *Id.*   G-Energy did not respond to EGC counsel's request. *Id.* EGC thereafter filed a third-party complaint against G-Energy on May 28, 2019. [ECF No. 40]. *Id.*

G-Energy did not respond to the third-party complaint and, as such, on December 18, 2019, EGC filed a Motion for Entry of Clerks Default against G-Energy. [ECF. No. 110].  The Clerk of the Court entered a default against G-Energy on December 19, 2019.  [ECF. No. 112].

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

On the other hand, Team Integrity, though not a subsidiary of EGC or vice versa, has somewhat cooperated with various requests from EGC for emails and documents related to G-Energy and Sperian. *Id.*; see Exhibit B, Affidavit of Andrea Janoush.

Furthermore, on December 6, 2019, counsel for EGC sent correspondence to Team Integrity that the court had commanded them to produce any and all call records and other documents as outlined in the subpoenas served upon them by Plaintiffs. *Id.*; see also Exhibit D. So as not to leave anything out that Plaintiff or the court required, a copy of the subpoenas were attached to the December 6, 2019 letter. Team Integrity has not responded to my December 6, 2019. *Id.*

As are result of EGC's exemplary due diligence, it has been able to produce over 8,000 emails, documents, call lists, and other files to Plaintiffs.

Due to the holidays, indeed, there was a very real impediment to completing the affidavit required by Plaintiffs. Counsel for EGC as well as employees of EGC were generally unavailable during the holidays.

On December 27, 2019 our office received an email requesting a meet and confer regarding this matter from Plaintiffs' counsel. The meet and confer was sent to our office at approximately 10:00 a.m. Plaintiffs gave EGC two hours to respond, and then filed their motion at approximately 3:00 p.m. EGC counsel's out of office response was activated so counsel would have known that EGC counsel was not available for a meet an confer within two hours, and not until January 2, 2020.

Despite Plaintiffs' attempt to paint EGC as uncooperative, combative party, the documents provided by EGC simply do not support Plaintiffs' story. EGC has fully cooperated with Plaintiff during this first phase of discovery, indeed, offering multiple times in December and January for Plaintiff to conduct its inspection of the very limited systems that EGC has in its possession; agreeing to the scope of Plaintiff's inspection with minimum revisions; and complied with counsels' multiple requests for EGC's deposition either in Las Vegas or Kansas.

Lastly, EGC does not have dialer files in its possession or control. The VICI dialer that was referenced in EGC's interrogatory responses is not EGC's, nor does EGC have possession or control of the dialer or its files. As stated above, EGC has requested that information from both G- Energy and Team Integrity. No files have been provided.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

3

KB/26465

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

Plaintiff further purport that EGC and Team Integrity are alter egos for no reason other than they assert that Team Integrity has moved to Pittsburg, Kansas.  Notably, Plaintiffs served Team Integrity with its subpoenas in Florida, not Kansas.  EGC and Team Integrity share no common ownership; have never comingled funds; do not have a unity of interest or ownership.

The alter ego doctrine applies if "(a) The corporation is influenced and governed by the person asserted to be the alter ego; (b) There is such a unity of interest and ownership that the corporation and the stockholder, director or officer are inseparable from each other; and (c) Adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice." *See also LFC Mktg. Group, Inc. v. Loomis*, 116 Nev. 896, 903, 8 P.3d 841, 846-47 (2000).  The Nevada Supreme Court has recognized the following factors indicating the existence of an alter ego relationship:

(1)     Commingling of personal and corporate funds;

(2)     Undercapitalization of the corporation;

(3)     Unauthorized diversion of funds of the corporation;

(4)     Treatment of corporate assets as the individual's own; and

(5)     Failure to observe corporate formalities.

*Mallard Auto. Group, Ltd. v. LeClair Mgmt. Corp.*, 153 F.Supp.2d 1211, 1214 (D. Nev. 2001) (citing *Lorenz v. Beltio, Ltd.*, 114 Nev. 795, 963 P.2d 488, 496 (Nev. 1988)).

Plaintiffs' assertion that Team Integrity and EGC are alter ego is simply disingenuous and unsupported in the most liberal sense of the definition of alter ego.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KB/26465

For the reasons stated herein, EGC respectfully requests that Plaintiffs' instant Motion for Sanction be DENIED; that discovery not be expanded to accommodate Plaintiffs' fishing expedition; and that the inspection and deposition proceed as the parties agreed prior to the holidays.

DATED this 6th day of January, 2020.

ALVERSON TAYLOR & SANDERS

KURT R. BONDS, ESQ.
Nevada Bar #6228
ADAM R. KNECHT, ESQ.
Nevada Bar #13166
6605 Grand Montecito Pkwy., Ste. 200
Las Vegas, Nevada 89149
*Attorneys for Energy Group*
*Consultants, Inc.*

## CERTIFICATE OF SERVICE VIA CM/ECF

I hereby certify that on this 6th day of January, 2020, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS DIRECTED TO DEFENDANT ENERGY GROUP CONSULTANTS, INC.** addressed to:

//S// Teri Jenks
An Employee of ALVERSON TAYLOR & SANDERS

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

KB/26465

# Exhibit A

1  **ALVERSON TAYLOR & SANDERS**
2  KURT R. BONDS, ESQ.
   Nevada Bar No. 6228
3  ADAM R. KNECHT, ESQ.
   Nevada Bar No. 13166
4  6605 Grand Montecito Parkway
   Suite 200
5  Las Vegas, NV 89149
   (702) 384-7000
6  efile@alversontaylor.com
7  *Attorneys for Energy Group*
   *Consultants, Inc.*
8
9              **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
10

11  ANDREW PERRONG and JAMES EVERETT          CASE NO.:  2:19-cv-00115-RFB-EJY
    SHELTON, individually and on behalf of all others
12  similarly situated,

13          Plaintiffs,                              **DECLARATION OF ADAM R.**
                                                     **KNECHT, ESQ. IN SUPPORT OF**
    v.                                               **ENERGY GROUP**
14  SPERIAN ENERGY CORP., a Nevada corporation,      **CONSULTANTS, INC.'S**
    ENERGY GROUP CONSULTANTS, INC., a Kansas         **RESPONSE TO PLAINTIFFS'**
15  Corporation, and BAETYL GROUP LLC, a Texas       **EMERGENCY MOTION FOR**
    limited liability company,                       **SANCTIONS DIRECTED TO**
16                                                   **DEFENDANT ENERGY GROUP**
                                                     **CONSULTANTS, INC.**
17          Defendants

18  TOMORROW ENERGY CORP fka SPERIAN
    ENERGY CORP, a Nevada corporation,
19

20          Cross-Claimant and Third-Party
            Plaintiff,
21
    v.
22
    BAETYL GROUP LLC, a Texas limited liability
23  company,

24          Cross-Defendant, and

25  KEVIN SANGUDI, an individual,

26          Third-Party Defendant.
27
    Related cross-complaints and third-party complaints.
28

                              1                        KB/26465

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

**DECLARATION OF ADAM R. KNECHT, ESQ. IN SUPPORT OF ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS DIRECTED TO DEFENDANT ENERGY GROUP CONSULTANTS, INC.**

STATE OF NEVADA     )
                          ) SS:
COUNTY OF CLARK      )

      ADAM R. KNECHT, ESQ. being first duly sworn, deposes and says:

      1.     I am an attorney at law with the law firm of Alverson Taylor & Sanders, and counsel for ENERGY GROUP CONSULTANTS, INC. ("EGC"), in the above-captioned matter.  I am licensed to practice law before all courts of the State of Nevada.

      2.     On March 29, 2019, counsel for EGC sent correspondence to G-Energy notifying G-Energy of the current litigation and demanded that G-Energy "**preserve all evidence related to any calls made by G-Energy on behalf of Sperian from January 1, 2015 through present**, including, but not limited to, all call detail records, any emails or other communications, all telephone handling policies and procedures, all account notes, and all audio recordings." (Emphasis in original).  See **Exhibit C**.

      3.     The preservation letter also requested that "[o]nce this information has been gathered and preserved, please forward same to me for inspection." *Id.*

      4.     G-Energy did not respond to EGC counsel's request.  EGC thereafter filed a third-party complaint against G-Energy on May 28, 2019.  [ECF No. 40].

      5.     G-Energy did not respond to the third-party complaint and, as such, on December 18, 2019, EGC filed a Motion for Entry of Clerks Default against G-Energy. [ECF. No. 110].  The Clerk of the Court entered a default against G-Energy on December 19, 2019.  [ECF. No. 112]

      6.     On the other hand, Team Integrity, though not a subsidiary of EGC or vice versa, has somewhat cooperated with various requests from EGC for emails and documents related to G-Energy and Sperian. See **Exhibit B**, Affidavit of Andrea Janoush.

      7.     Furthermore, on December 6, 2019, counsel for EGC sent correspondence to Team Integrity that the court had commanded them to produce any and all call records and other documents as outlined in the subpoenas served upon them by Plaintiffs. See **Exhibit D**.  So as not to leave

KB/26465

anything out that Plaintiff or the court required, a copy of the subpoenas were attached to the December 6, 2019 letter. Team Integrity has not responded to my December 6, 2019.

8.     I began a planned vacation on December 19, 2019. I did not have email or telephone access. I did not return to the office until January 2, 2020, after Plaintiffs had filed their motion. Though we used all our available resources to complete the affidavit by December 19, 2019, my office could not adequately complete the affidavit during the holidays.

9.     My associate, Trevor Waite, who was attempting to work on the file in my absence, had difficulty reaching our client throughout the holidays. Furthermore, he did not review the December 27, 2019 email requesting a meet and confer regarding this matter until December 30, 2019, when he returned to the office. Of course the motion had already been filed by then. In fact, the meet and confer was sent to our office at approximately 10:00 a.m. Plaintiffs gave EGC two hours to respond, and then filed their motion at approximately 3:00 p.m. Both mine and Trevor's out of office response was activated so counsel would have known we were not available for a meet an confer within two hours.

10.     EGC has fully cooperated with Plaintiff during this first phase of discovery, indeed, offering multiple times in December and January for Plaintiff to conduct its inspection of the very limited systems that EGC has in its possession; agreeing to the scope of Plaintiff's inspection with minimum revisions; and complied with counsels' multiple requests for EGC's deposition either in Las Vegas or Kansas.

11.     Lastly, EGC does not have dialer files in its possession or control. The VICI dialer that was referenced in EGC's interrogatory responses is not EGC's, nor does EGC have possession or control of the dialer or its files. As stated above, EGC has requested that information from both G- Energy and Team Integrity. No files have been provided.

12.     Counsel for Plaintiffs was provided with a copy of the Affidavit of Andrea Janoush on January 6, 2020, or as soon as I could possibly get it to them after the holiday break. Exhibit B.



_____
ADAM R. KNECHT, ESQ.

KB/26465

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

# Exhibit B

**DECLARATION OF ANDREA JANOUSH**

State of Mississippi )
                     ) ss:
County of Madison    )

ANDREA JANOUSH being first duly sworn, deposes and says:

1.      I am currently employed as a controller with Energy Group Consultants and have been employed as such since 2014.

2.      As a controller, I have access to various systems at Energy Group Consultants including access to Energy Group Consultants' email systems and accounting system.

3.      I have personal knowledge of the search that was conducted with respect to documents that have been produced in this case, specifically documents marked as EGC000001-EGC008174 (the "Document Production"), including, but not limited to, emails, call records, reports, and internal communications to and from EGC employees.

4.      In order to discover all documents produced in the Document Production, a search was conducted of the following systems:

        a.      Energy Group Consultants' email systems. Energy Group Consultants' email systems reside on a server hosted with GoDaddy. The server stores all emails sent or received to or from Energy Group Consultants employees, including attachments.

        b.      Shared Dropbox account. The Dropbox account includes a shared folder that was shared by EGC and Team Integrity with respect to the Sperian account. The primary account belongs to Team Integrity and EGC was provided shared access only.

5.      In order to discover all documents produced in the Document Production, a search was conducted using the following search terms (the "Search Terms"):

        1.      Iplanet BPO - outbound call center under Team Integrity ("TIEG")

        2.      Lamb Consulting Group - Roger and Melinda Lamb under 616 Marketing

1

3.    BBS Partners - call center under TIEG

4.    TNZ Energy - Vicky Economos - call center under TIEG

5.    Rapho's Consult LTD  - call center under 616 Marketing

6.    Maroserve - call center under TIEG

7.    Sperian

8.    Tyde Bonaparte - TIEG

9.    Team Integrity Energy Group - Subcontractor of EGC, LLC

10.   Edgar Moya - Cannel Manager at Sperian

11.   John Williams - TIEG

12.   Dawn Guarino - G Energy

13.   Shawn Stadola - 616 Marketing

14.   Orbit Marketing - Josh Thompson

15.   Tony Aiello - Worked with Sperian

16.   Rob Morris

17.   Jason King

18.   Anthony Perrotti - Ran G Energy call center campaign

19.   Brian Ream - Worked with EGC, LLC

20.   Vicky Economos

21.   Max Smith - Executive VP at Sperian

22.   In order to obtain information provided in the Document Production, I entered the Search Terms into Energy Group Consultants' email system. The search was setup to search all emails of Robert King and Matt Alexander's e-mail accounts since those two individuals were involved in the Sperian account. No date range was specified in order that all emails would be searched. The search of all emails also included searching all attachments associated with any given email correspondence. Thus, all emails and all email attachments were searched and included in the query of the Search Terms. After the search was executed, the resultant emails and all accompanying attachments were delivered to Energy Group Consultants attorneys.

2

23.    The search of the e-mail accounts included emails stored in inboxes, sent email folders, and deleted email folders.

24.    I applied the same search to the shared Dropbox account.

25.    In addition to the search I conducted above, I have knowledge of the search of EGC's in-house fileserver that was conducted in Pittsburg, Kansas.  Rob Morris conducted the search of the EGC in-house fileserver.  Mr. Morris conducted the search of the fileserver by opening all the folders located on the fileserver and conducting a search pertaining to OTM, Sperian, and G-Energy documents.  The search of the in-house fileserver did not result in any documents pertaining to OTM, Sperian, or G-Energy.

26.    Furthermore, in order to provide documents responsive of Plaintiffs' discovery requests, Tyde Bonaparte and John Williams from Team Integrity were requested by EGC to conduct a search of Team Integrity's emails and documents related to Sperian and G-Energy.

27.    I am do not have personal knowledge of the search that Team Integrity conducted, however, Team Integrity did provide EGC with a link to two Google Drive folders entitled "Sales operation sperian emails with attachments" and "Genergy emails with attachments" containing emails and documents related to Sperian and G-Energy.

28.    The searches described above resulted in all of the documents that make up the Document Production.

29.    I did not conduct a search of the Energy Group Consultants accounting system as all of the information in that system comes from invoices and are sent out in payouts via e-mail.  Thus, those documents would have been included in the documents obtained from the e-mail search.

30.    The Document Production was delivered to counsel for Energy Group Consultants in their original form, without digital alterations, or any other form of alteration or manipulation.

31.    The search was conducted during the month of August 2019.  The Document Production was sent to EGC's attorneys on or about September 11, 2019.

3

1        32.    I believe that the foregoing search by Energy Group Consultants and Team

2    Integrity discovered all documents, responsive to all discovery requests made to Energy Group

3    Consultants in this case.  I believe that the methods and steps taken to discover all documents

4    produced in the Document Production were made in good faith and reasonable.

5

6

7

                                                    1/6/2020

8                                      ANDREA JANOUSH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

# FormanWatkins .
### Forman Watkins & Krutz LLP

James L. Banks, IV
Direct Dial 601-974-8713
jake.banks@formanwatkins.com

March 29, 2019

**VIA ELECTRONIC MAIL AND CERTIFIED MAIL**
G-Energy Enterprises
Attn:  Francis G. Guarino, Jr., President
214 Spruce Hill Rd.
Branford, CT 06405
Guarino.dawn@gmail.com

*Re:     Andrew Perrong v. Sperian Energy Corp., Case No. 2:19-cv-0115*

Dear Mr. Guarino,

As you know, I have been retained to represent Energy Group Consultants, LLC and Energy Group Consultants, Inc. (collectively "EGC") in the above-captioned matter.  In this case, Plaintiff Andrew Perrong claims Sperian Energy Corporation and EGC violated the Telephone Consurmer Protection Act ("TCPA") by placing calls to his residential phone number, which he allegedly listed on the national "do not call" ("DNC") list.

EGC believes G-Energy may possess information pertinent to this litigation.  Accordingly, please accept this correspondence as a notice to **preserve all evidence related to any calls made by G-Energy on behalf of Sperian from January 1, 2015 through present**, including, but not limited to, all call detail records, any emails or other communications, all telephone handling policies and procedures, all account notes, and all audio recordings.  Once this information has been gathered and preserved, please forward same to me for inspection.

We appreciate your immediate attention to the matters addressed herein.  As always, should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

James L. Banks, IV

# Exhibit D

# ALVERSON TAYLOR & SANDERS

J. BRUCE ALVERSON
ERIC TAYLOR
LeANN SANDERS
KURT R. BONDS
JONATHAN B. OWENS
KARIE N. WILSON
SHIRLEY BLAZICH
COURTNEY CHRISTOPHER
_____
MATTHEW PRUITT

ADAM R. KNECHT
TREVOR WAITE
SARA D. WRIGHT
TANYA M. FRASER
KRISTAN E. LEHTINEN
BRIAN J. MOY
SHEA I. BILLADEAU
ALEXANDER P. WILLIAMS
MAZYAR MOMENI
YULIYA DAVIDZENKA

LAWYERS
_LAS VEGAS OFFICE_
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

_RENO OFFICE_
200 S. VIRGINIA, 8TH FLOOR, RENO, NEVADA 89501
Telephone (775) 398-3025

www.alversontaylor.com

REPLY TO:  _X_ Las Vegas Office    ___ Reno Office

BLAKELY D. STAUFFER
DAVID M. SEXTON
DEREK LINFORD
WILLIS J. BOWDEN, III
NICOLETTE BEST
JAN TOMASIK
SPENCER J. ORR*
JACOB CLARK
RULON J HOPKINS, III
SCOT L SHIRLEY

R. ETHAN POSEY
TIFFANIE C. BITTLE

OF COUNSEL
JACK C. CHERRY
(1932 – 2015)

* Licensed only in Utah

December 6, 2019

Via Email: tiegceo@icloud.com

Ty Bonaparte
Team Integrity Energy Group
110 Athens St.
Tarpon Springs, Fl 34689

> **Re:** **Energy Group Consultants, Inc. adv. Andrew Perrong/Sperian Energy Corp.**
> *Case No.:*    *2:19-CV-00115-RFB-EJY*
> *Our File No.:*  *26465*

Dear Mr. Bonaparte:

Our office represents Energy Group Consultants ("EGC") in the above named action.  By order of the court, we have been commanded to produce any and all call records and other documents as outlined in the subpoenas enclosed hereto, pertaining to a call made to a telephone line identified as (215) 338-3458.

Please be advised that failure to produce the requested records in your possession, custody, or control regarding the enclosed subpoenas, in reference to (215) 338-3458, may result in an order to show cause why you should not be held in contempt by the court.

Please contact my office within two (2) business days of this request to discuss this matter.  I can be reached at aknecht@alversontaylor.com or (702) 384-7000.  Time is of the essence.

Very truly yours,

ALVERSON TAYLOR & SANDERS

Adam R. Knecht, Esq.

Member
ALFA International
the Global Legal Network
Local Relationships Worldwide

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>      v.<br><br>TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas corporation, BAETYL GROUP LLC, a Texas limited liability company,<br><br>               Defendants.<br><br>AND ALL RELATED ACTIONS. | NO. 2:19-cv-00115-RFB-EJY<br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs Andrew Perrong and James Everett Shelton in the above-captioned action,

1   demand by subpoena, a copy of which is attached hereto, the production of documents from

2   Zachary Baker. You are being provided with a copy of the attached subpoena before it is served

3   pursuant to Rule 45(a)(4).

4          PLEASE TAKE FURTHER NOTICE that Zachary Baker is a non-party to the action. So

5   far as it is known to the Plaintiffs, Zachary Baker's address is as follows:

6                      Zachary Baker
                       5160 86th Avenue North
7                      Pinellas Park, FL 33782

8          The requested documents are to be produced **December 18, 2019,** electronically via

9   Email or Sharefile. Or by other agreed on means. Please call (206) 816-6603 to confer.

10         DATED this 3rd day of December, 2019.

11                                   TERRELL MARSHALL LAW GROUP PLLC

12                          By: _/s/ Adrienne D. McEntee, *Admitted Pro Hac Vice*_
                                Jennifer Rust Murray, *Admitted Pro Hac Vice*
13                              Email: jmurray@terrellmarshall.com
                                Adrienne D. McEntee, *Admitted Pro Hac Vice*
14                              Email: amcentee@terrellmarshall.com
                                936 North 34th Street, Suite 300
15                              Seattle, Washington 98103
                                Telephone: (206) 816-6603
16                              Facsimile: (206) 319-5450

17                              Anthony I. Paronich, *Admitted Pro Hac Vice*
                                Email: anthony@paronichlaw.com
18                              PARONICH LAW, P.C.
                                350 Lincoln Street, Suite 2400
19                              Hingham, Massachusetts 02043
                                Telephone: (617) 485-0018
20                              Facsimile: (508) 318-8100

21

22

23

24

25
NOTICE OF INTENT TO SERVE SUBPOENA - 2
Case No. 2:19-cv-00115-RFB-EJY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

*Attorneys for Plaintiffs*

NOTICE OF INTENT TO SERVE SUBPOENA - 3
Case No. 2:19-cv-00115-RFB-EJY

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Adrienne D. McEntee, hereby certify that on December 3, 2019, I electronically

3

transmitted the foregoing to the following:

4

Ana Tagvoryan
Email: atagvoryan@blankrome.com

5

Harrison Brown
Email: hbrown@blankrome.com

6

BLANK ROME LLP
2029 Century Park East, 6th Floor

7

Los Angeles, California 90067
Telephone: (424) 239-3400

8

Facsimile: (424) 239-3434

9

*Attorneys for Defendant Sperian Energy Corp.*

10

Adam Knecht
Email: aknecht@alversontaylor.com

11

ALVERSON TAYLOR & SANDERS
6605 Grand Montecito Parkway, Suite 200

12

Las Vegas, Nevada 89149
Telephone: (702) 384-7000

13

Facsimile: (702) 385-7000

14

*Attorneys for Defendant Energy Group Consultants, Inc.*

15

DATED this 3rd day of December, 2019.

16

TERRELL MARSHALL LAW GROUP PLLC

17

18

By: /s/ Adrienne D. McEntee, *Admitted Pro Hac Vice*
Adrienne D. McEntee, *Admitted Pro Hac Vice*
Email: amcentee@terrellmarshall.com

19

936 North 34th Street, Suite 300
Seattle, Washington 98103

20

Telephone: (206) 816-6603
Facsimile: (206) 319-5450

21

*Attorneys for Plaintiffs*

22

23

24

25

NOTICE OF INTENT TO SERVE SUBPOENA - 4
Case No. 2:19-cv-00115-RFB-EJY

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| ANDREW PERRONG, et al., | ) | |
| _____ | ) | |
| *Plaintiff* | ) | Civil Action No.   2:19-cv-00115-RFB-EJY |
| v. | ) | |
| TOMORROW ENERGY CORP fka SPERIAN | ) | |
| ENERGY CORP, et al., | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Zachary Baker
              5160 86th Avenue North, Pinellas Park, FL 33782
_____
                    *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

        See Schedule A attached

| Place: DIRECTLY TO THE UNDERSIGNED COUNSEL ELECTRONICALLY or Maxa Enterprises, 1275 Cleveland St., Clearwater, FL 33755 | Date and Time: 12/18/2019 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/02/2019
_____

                    *CLERK OF COURT*
                                                    OR
_____          /s/ Adrienne D. McEntee, Pro Hac Vice
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
Andrew Perrong and James Everett Shelton_____, who issues or requests this subpoena, are:
936 N. 34th St., #300, Seattle, WA, 98103, (206) 816-6603; Email: amcentee@terrellmarshall.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:19-cv-00115-RFB-EJY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.  You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2.  Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

## DEFINITIONS

1.  When used in these Requests, "Sperian" means Sperian Energy Corp, a defendant in this action, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2.  When used in these Requests, "Energy Group" means Energy Group Consultants, a defendant in this action, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

3.  When used in these Requests, "Team Integrity" (or synonyms thereof) means Team Integrity Energy Group, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

336354

4.      When used in these Requests, "you" or "your" (or synonyms thereof) means Zachary Baker, the registered agent of Team Integrity Energy Group, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

5.      Unless otherwise instructed, the requests are seeking documents from January 1, 2017 to the present.

## REQUESTS

**Request No. 1:** All documents reflecting any call (including attempted call) made by you, Team Integrity, or any vendor Team Integrity engaged, related to a Sperian calling campaign, or that could have generated leads for Sperian. A complete answer will include at least the following:

a.  Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

b.  Information for the calls themselves, including the phone number called, the date and time of the call, the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.), and whether an artificial or prerecorded voice message was transmitted;

c.  All responses to the call, whether by live voice, IVR, SMS or otherwise;

d.  Information identifying the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g., Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial, Lead Science, Ytel), the location for call origination, the dialer and the dialer's capacities; and

e.  Any documents showing the prior express consent of the called party to be called.

2

**Request No. 2:** All correspondence, manuals and ESI regarding the capacity of the dialing system used to transmit outbound telephone calls identified in response to Request No. 1.

**Request No. 3:** Documents that identify any artificial voice or prerecorded message (including but not limited to the audio files of any such messages) transmitted during the calls identified in response to Request No. 1.

**Request No. 4:** To the extent you claim that you, Team Integrity, or any vendor Team Integrity engaged, obtained permission for artificial or prerecorded voice calls concerning Sperian, produce all documents that identify:

        A.      Any signed writings evidencing that permission;

        B.      As it relates to any website visits that you assert are being used in place of signed writings:

                i.      All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

                ii.      All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**Request No. 5:** To the extent you claim that you, Team Integrity, or any vendor Team Integrity engaged, obtained permission for artificial or prerecorded voice calls concerning Sperian via websites:

3

    A.  Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

    B.  For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

    C.  For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

    D.  Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

    E.  Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

    F.  Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

    D.  Produce all documents that identify the bandwidth usage for any website responsive to these requests during the during the period you claim visits to or actions on that website constituted consent or permission to contact any putative class member with telemarketing calls.

    E.  Produce documents that identify the website host(s) for any website responsive any of the foregoing and the dates each host was active for each respective website.

F.      If any documents responsive to the requests in this Schedule A are in the hands of third parties, produce documents that identify those third parties

**Request No. 6:** Communications with any third party concerning the litigation captioned on the subpoena.

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

ANDREW PERRONG and JAMES
EVERETT SHELTON, individually and on
behalf of all others similarly situated,

               Plaintiffs,

    v.

TOMORROW ENERGY CORP fka
SPERIAN ENERGY CORP, a Nevada
corporation, and ENERGY GROUP
CONSULTANTS, INC., a Kansas
corporation, BAETYL GROUP LLC, a Texas
limited liability company,

               Defendants.

AND ALL RELATED ACTIONS.

NO. 2:19-cv-00115-RFB-EJY

**NOTICE OF INTENT TO SERVE
SUBPOENA**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs Andrew Perrong and James Everett Shelton in the above-captioned action,

NOTICE OF INTENT TO SERVE SUBPOENA - 1
Case No. 2:19-cv-00115-RFB-EJY

1   demand by subpoena, a copy of which is attached hereto, the production of documents from

2   Tyde Bonaparte. You are being provided with a copy of the attached subpoena before it is served

3   pursuant to Rule 45(a)(4).

4         PLEASE TAKE FURTHER NOTICE that Tyde Bonaparte is a non-party to the action.

5   So far as it is known to the Plaintiffs, Tyde Bonaparte's address is as follows:

6                    Tyde Bonaparte
                     106 West Hudson Street, Apt. A
7                    Pittsburg, Kansas 66762

8         The requested documents are to be produced **December 18, 2019,** electronically via

9   Email or Sharefile. Or by other agreed on means. Please call (206) 816-6603 to confer.

10        DATED this 3rd day of December, 2019.

11                         TERRELL MARSHALL LAW GROUP PLLC

12                         By: /s/ Adrienne D. McEntee, *Admitted Pro Hac Vice*
                              Jennifer Rust Murray, *Admitted Pro Hac Vice*
13                            Email: jmurray@terrellmarshall.com
                              Adrienne D. McEntee, *Admitted Pro Hac Vice*
14                            Email: amcentee@terrellmarshall.com
                              936 North 34th Street, Suite 300
15                            Seattle, Washington 98103
                              Telephone: (206) 816-6603
16                            Facsimile: (206) 319-5450

17                            Anthony I. Paronich, *Admitted Pro Hac Vice*
                              Email: anthony@paronichlaw.com
18                            PARONICH LAW, P.C.
                              350 Lincoln Street, Suite 2400
19                            Hingham, Massachusetts 02043
                              Telephone: (617) 485-0018
20                            Facsimile: (508) 318-8100

21

22

23

24

25
NOTICE OF INTENT TO SERVE SUBPOENA - 2
Case No. 2:19-cv-00115-RFB-EJY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

*Attorneys for Plaintiffs*

NOTICE OF INTENT TO SERVE SUBPOENA - 3
Case No. 2:19-cv-00115-RFB-EJY

CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on December 3, 2019, I electronically

transmitted the foregoing to the following:

Ana Tagvoryan
Email: atagvoryan@blankrome.com
Harrison Brown
Email: hbrown@blankrome.com
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

*Attorneys for Defendant Sperian Energy Corp.*

Adam Knecht
Email: aknecht@alversontaylor.com
ALVERSON TAYLOR & SANDERS
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000
Facsimile: (702) 385-7000

*Attorneys for Defendant Energy Group Consultants, Inc.*

DATED this 3rd day of December, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Adrienne D. McEntee, *Admitted Pro Hac Vice*
    Adrienne D. McEntee, *Admitted Pro Hac Vice*
    Email: amcentee@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| ANDREW PERRONG, et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:19-cv-00115-RFB-EJY |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, et al., | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Tyde Bonaparte
          106 West Hudson Street, Apt. A, Pittsburg, Kansas 66762
_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          See Schedule A attached

| Place: DIRECTLY TO THE UNDERSIGNED COUNSEL ELECTRONICALLY or Alpha Reporting Service, 614 Pearl Avenue, Suite B, Joplin, MO 64801 | Date and Time: 12/18/2019 2:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/02/2019

_CLERK OF COURT_
                                                    OR
                                                    /s/ Adrienne D. McEntee, Pro Hac Vice
_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiffs
Andrew Perrong and James Everett Shelton_____, who issues or requests this subpoena, are:
936 N. 34th St., #300, Seattle, WA, 98103, (206) 816-6603; Email: amcentee@terrellmarshall.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19-cv-00115-RFB-EJY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                                        _____
                                                      *Server's signature*

                                        _____
                                               *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.  You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2.  Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

## DEFINITIONS

1.  When used in these Requests, "Sperian" means Sperian Energy Corp, a defendant in this action, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2.  When used in these Requests, "Energy Group" means Energy Group Consultants, a defendant in this action, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

3.  When used in these Requests, "Team Integrity" (or synonyms thereof) means Team Integrity Energy Group, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

336354

4.      When used in these Requests, "you" or "your" (or synonyms thereof) means Tyde Bonaparte, an employee of Team Integrity Energy Group, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

5.      Unless otherwise instructed, the requests are seeking documents from January 1, 2017 to the present.

## REQUESTS

**Request No. 1:** All documents reflecting any call (including attempted call) made by you, Team Integrity, or any vendor Team Integrity engaged, related to a Sperian calling campaign, or that could have generated leads for Sperian. A complete answer will include at least the following:

    a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

    b. Information for the calls themselves, including the phone number called, the date and time of the call, the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.), and whether an artificial or prerecorded voice message was transmitted;

    c. All responses to the call, whether by live voice, IVR, SMS or otherwise;

    d. Information identifying the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g., Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial, Lead Science, Ytel), the location for call origination, the dialer and the dialer's capacities; and

    e. Any documents showing the prior express consent of the called party to be called.

**Request No. 2:** All correspondence, manuals and ESI regarding the capacity of the dialing system used to transmit outbound telephone calls identified in response to Request No. 1.

**Request No. 3:** Documents that identify any artificial voice or prerecorded message (including but not limited to the audio files of any such messages) transmitted during the calls identified in response to Request No. 1.

**Request No. 4:** To the extent you claim that you, Team Integrity, or any vendor Team Integrity engaged, obtained permission for artificial or prerecorded voice calls concerning Sperian, produce all documents that identify:

      A.     Any signed writings evidencing that permission;

      B.     As it relates to any website visits that you assert are being used in place of signed writings:

            i.     All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

            ii.     All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**Request No. 5:** To the extent you claim that you, Team Integrity, or any vendor Team Integrity engaged, obtained permission for artificial or prerecorded voice calls concerning Sperian via websites:

A.    Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

B.    For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

C.    For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

D.    Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

E.    Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

F.    Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

D.    Produce all documents that identify the bandwidth usage for any website responsive to these requests during the during the period you claim visits to or actions on that website constituted consent or permission to contact any putative class member with telemarketing calls.

E.    Produce documents that identify the website host(s) for any website responsive any of the foregoing and the dates each host was active for each respective website.

4

F.      If any documents responsive to the requests in this Schedule A are in the hands of third parties, produce documents that identify those third parties

**Request No. 6:** Communications with any third party concerning the litigation captioned on the subpoena.

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas corporation, BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | NO. 2:19-cv-00115-RFB-EJY<br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Andrew Perrong and James Everett Shelton in the above-captioned action,

1    demand by subpoena, a copy of which is attached hereto, the production of documents from John

2    Williams. You are being provided with a copy of the attached subpoena before it is served

3    pursuant to Rule 45(a)(4).

4            PLEASE TAKE FURTHER NOTICE that John Williams is a non-party to the action. So

5    far as it is known to the Plaintiffs, John Williams' address is as follows:

6                    John Williams
                     2770 Roosevelt Blvd. #3
7                    Clearwater, FL 33760-2506

8            The requested documents are to be produced **December 18, 2019,** electronically via

9    Email or Sharefile. Or by other agreed on means. Please call (206) 816-6603 to confer.

10           DATED this 3rd day of December, 2019.

11                           TERRELL MARSHALL LAW GROUP PLLC

12                   By: /s/ Adrienne D. McEntee, *Admitted Pro Hac Vice*
                         Jennifer Rust Murray, *Admitted Pro Hac Vice*
13                       Email: jmurray@terrellmarshall.com
                         Adrienne D. McEntee, *Admitted Pro Hac Vice*
14                       Email: amcentee@terrellmarshall.com
                         936 North 34th Street, Suite 300
15                       Seattle, Washington 98103
                         Telephone: (206) 816-6603
16                       Facsimile: (206) 319-5450

17                       Anthony I. Paronich, *Admitted Pro Hac Vice*
                         Email: anthony@paronichlaw.com
18                       PARONICH LAW, P.C.
                         350 Lincoln Street, Suite 2400
19                       Hingham, Massachusetts 02043
                         Telephone: (617) 485-0018
20                       Facsimile: (508) 318-8100

21

22

23

24

25   NOTICE OF INTENT TO SERVE SUBPOENA - 2
     Case No. 2:19-cv-00115-RFB-EJY

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

*Attorneys for Plaintiffs*

NOTICE OF INTENT TO SERVE SUBPOENA - 3
Case No. 2:19-cv-00115-RFB-EJY

<u>CERTIFICATE OF SERVICE</u>

I, Adrienne D. McEntee, hereby certify that on December 3, 2019, I electronically

transmitted the foregoing to the following:

        Ana Tagvoryan
        Email: atagvoryan@blankrome.com
        Harrison Brown
        Email: hbrown@blankrome.com
        BLANK ROME LLP
        2029 Century Park East, 6th Floor
        Los Angeles, California 90067
        Telephone: (424) 239-3400
        Facsimile: (424) 239-3434

        *Attorneys for Defendant Sperian Energy Corp.*

        Adam Knecht
        Email: aknecht@alversontaylor.com
        ALVERSON TAYLOR & SANDERS
        6605 Grand Montecito Parkway, Suite 200
        Las Vegas, Nevada 89149
        Telephone: (702) 384-7000
        Facsimile: (702) 385-7000

        *Attorneys for Defendant Energy Group Consultants, Inc.*

DATED this 3rd day of December, 2019.

        TERRELL MARSHALL LAW GROUP PLLC


        By: <u>/s/ Adrienne D. McEntee</u>, *Admitted Pro Hac Vice*
           Adrienne D. McEntee, *Admitted Pro Hac Vice*
           Email: amcentee@terrellmarshall.com
           936 North 34th Street, Suite 300
           Seattle, Washington 98103
           Telephone: (206) 816-6603
           Facsimile: (206) 319-5450

        *Attorneys for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | |
|---|---|
| ANDREW PERRONG, et al., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:19-cv-00115-RFB-EJY |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            John Williams
                2770 Roosevelt Blvd #3, Clearwater, FL 33760-2506

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Schedule A attached

| Place: DIRECTLY TO THE UNDERSIGNED COUNSEL ELECTRONICALLY or Maxa Enterprises, 1275 Cleveland St., Clearwater, FL 33755 | Date and Time: 12/18/2019 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/02/2019

*CLERK OF COURT*

                               OR

_____         /s/ Adrienne D. McEntee, Pro Hac Vice
     *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
Andrew Perrong and James Everett Shelton           , who issues or requests this subpoena, are:
936 N. 34th St., #300, Seattle, WA, 98103, (206) 816-6603; Email: amcentee@terrellmarshall.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:19-cv-00115-RFB-EJY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.  You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2.  Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

## DEFINITIONS

1.  When used in these Requests, "Sperian" means Sperian Energy Corp, a defendant in this action, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2.  When used in these Requests, "Energy Group" means Energy Group Consultants, a defendant in this action, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

3.  When used in these Requests, "Team Integrity" (or synonyms thereof) means Team Integrity Energy Group, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

       4.      When used in these Requests, "you" or "your" (or synonyms thereof) means John Williams, an employee of Team Integrity Energy Group, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

       5.      Unless otherwise instructed, the requests are seeking documents from January 1, 2017 to the present.

## REQUESTS

**Request No. 1:** All documents reflecting any call (including attempted call) made by you, Team Integrity, or any vendor Team Integrity engaged, related to a Sperian calling campaign, or that could have generated leads for Sperian. A complete answer will include at least the following:

    a.  Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

    b.  Information for the calls themselves, including the phone number called, the date and time of the call, the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.), and whether an artificial or prerecorded voice message was transmitted;

    c.  All responses to the call, whether by live voice, IVR, SMS or otherwise;

    d.  Information identifying the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g., Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial, Lead Science, Ytel), the location for call origination, the dialer and the dialer's capacities; and

    e.  Any documents showing the prior express consent of the called party to be called.

**Request No. 2:** All correspondence, manuals and ESI regarding the capacity of the dialing system used to transmit outbound telephone calls identified in response to Request No. 1.

**Request No. 3:** Documents that identify any artificial voice or prerecorded message (including but not limited to the audio files of any such messages) transmitted during the calls identified in response to Request No. 1.

**Request No. 4:** To the extent you claim that you, Team Integrity, or any vendor Team Integrity engaged, obtained permission for artificial or prerecorded voice calls concerning Sperian, produce all documents that identify:

    A.    Any signed writings evidencing that permission;

    B.    As it relates to any website visits that you assert are being used in place of signed writings:

        i.    All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

        ii.    All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**Request No. 5:** To the extent you claim that you, Team Integrity, or any vendor Team Integrity engaged, obtained permission for artificial or prerecorded voice calls concerning Sperian via websites:

A.     Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

B.     For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

C.     For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

D.     Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

E.     Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

F.     Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

D.     Produce all documents that identify the bandwidth usage for any website responsive to these requests during the during the period you claim visits to or actions on that website constituted consent or permission to contact any putative class member with telemarketing calls.

E.     Produce documents that identify the website host(s) for any website responsive any of the foregoing and the dates each host was active for each respective website.

4

F.      If any documents responsive to the requests in this Schedule A are in the hands of third parties, produce documents that identify those third parties

**Request No. 6:** Communications with any third party concerning the litigation captioned on the subpoena.