**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
6605 Grand Montecito Parkway
Suite 200
Las Vegas, NV 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Energy Group*
*Consultants, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants | CASE NO.: 2:19-cv-00115-RFB-EJY<br><br>**SUPPLEMENTAL DECLARATION OF ADAM R. KNECHT, ESQ. IN SUPPORT OF ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS DIRECTED TO DEFENDANT ENERGY GROUP CONSULTANTS, INC.** |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation,<br><br>Cross-Claimant and Third-Party Plaintiff,<br>v.<br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>Cross-Defendant, and<br><br>KEVIN SANGUDI, an individual,<br><br>Third-Party Defendant. | |
| Related cross-complaints and third-party complaints. | |

**SUPPLEMENTAL DECLARATION OF ADAM R. KNECHT, ESQ. IN SUPPORT OF ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS DIRECTED TO DEFENDANT ENERGY GROUP CONSULTANTS, INC.**

State of Nevada        )
                       ) ss:
County of Clark        )

ADAM R. KNECHT, ESQ. being first duly sworn, deposes and says:

1. I am an attorney at law with the law firm of Alverson Taylor & Sanders, and counsel for ENERGY GROUP CONSULTANTS, INC. ("EGC"), in the above-captioned matter. I am licensed to practice law before all courts of the State of Nevada.

2. On January 9, 2020, Plaintiff's Motion for Sanctions Against Energy Group Consultants came on for hearing before the Honorable Magistrate Judge Elayna J. Youchah.

3. Therein, the Court ordered that I prepare a supplemental declaration with respect to the following questions on or before Monday, January 13, 2020 at 12:00 PST:

   a. Whether there had ever been a contractual relationship between Team Integrity and EGC.

   b. If so, when did the contractual relationship between Team Integrity and EGC commence.

   c. A narrative regarding the steps EGC took to ensure that Team Integrity saved and protected all data and information relative to Plaintiff's allegations and the Sperian campaign.

4. The following is my supplemental declaration relative to the Court's order:

   a. Team Integrity and EGC entered into a contractual relationship approximately four years ago.

   b. Upon information and belief, no formal contract was ever executed, however, Team Integrity, operating as an independent contractor, provided call center services to EGC.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

c. After receiving notice of the lawsuit against Sperian, on or about February 12, 2019, EGC informed Team Integrity to save, preserve, and provide EGC with all data from the Sperian campaign.

d. Team Integrity provided EGC with a file folder that Team Integrity alleged contained any and all Sperian related data, emails, and email attachments. Team Integrity also provided EGC with a file folder that Team Integrity alleged contained all G-Energy related data, emails, and email attachments.

e. Team Integrity appears to have fully cooperated with EGC's requests for information relating to Plaintiff's allegations, the Sperian contract, as well as Plaintiff's discovery requests, to the extent the information was available to Team Integrity.

f. EGC provided both file folders to its prior counsel; it is my belief that all the information provided to EGC and then to EGC's attorneys has been produced or otherwise objected to on the basis of privilege.

g. I am currently reviewing the contents of the file folders and checking them with what has been produced already.

h. On Monday, January 13, 2020, I spoke with Tyde Bonaparte for the first time. I informed him of the subpoenas that were served on him and others at Team Integrity. Mr. Bonaparte stated that anything Team Integrity had that would be responsive to the subpoenas was provided to EGC previously. I informed Mr. Bonaparte of the Court's order that Team Integrity provide a full response to Plaintiff's subpoenas by Friday, January 17, 2020. I further discussed the court's order allowing the inspection of his and John Williams' workstation/laptop. Again, he stated there was nothing more he could provide as everything had been previously provided to EGC. He could not confirm with me whether his or John Williams' workstation would be available for the January 14, 2020 inspection at EGC. I informed his that it was ordered by the Court.

i. Mr. Bonaparte did state that he confirmed that Team Integrity's dialer did not make the call to Mr. Perrong, because Team Integrity's dialer could not call a number on the Do Not Contact list.

j. Mr. Bonaparte stated that G-Energy made the call to the number identified as Mr. Perrong's number and that that information has been provided as well.

_____
ADAM R. KNECHT, ESQ.