Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas corporation, BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | NO. 2:19-cv-00115-RFB-EJY<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPERT COSTS** |

## I. INTRODUCTION

Pursuant to this Court's January 17, 2020 Order directing Plaintiffs' counsel to submit a memorandum of fees and costs incurred in bringing Plaintiffs' Emergency Motion and for costs

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPERT COSTS - 1
CASE NO. 2:19-CV-00115-RFB-EJY

related to the inspection of EGC's headquarters and expert work related to the inspection (ECF No. 113), Plaintiffs' counsel respectfully request (1) an award of attorneys' fees totaling $25,635.00, (2) reimbursement for costs related to the January 9th hearing on the Emergency Motion totaling $712.44, (3) an order requiring EGC to pay the $16,132.25 invoice from the forensic expert on or before March 1, 2020, and (4) reimbursement of $672.85 in costs Plaintiffs' counsel incurred in traveling to Kansas for the inspection of EGC.

## II.  ARGUMENT

**A.  Plaintiffs request an award of reasonable attorneys' fees incurred in bringing the Emergency Motion.**

Attorney's fees and costs incurred by Plaintiffs may be appropriately awarded pursuant to Fed. R. Civ. P. 37(a). *Hyde & Drath v. Baker*, 24 F.3d 1162, 1170 (9th Cir. 1994). "In determining a reasonable attorney's fee, the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar amount constitutes a "reasonable" fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010). Thus, "it should only be enhanced or reduced in 'rare and exceptional cases.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (factors).

  1.  <u>The rates charged by Plaintiffs' counsel are reasonable.</u>

For purposes of the lodestar determination, reasonable fees are "calculated according to the prevailing market rates in the relevant community, regardless of whether the plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The

relevant community is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted). In assessing the rates requested by Plaintiffs' counsel, the starting point is with market rates in the District of Nevada.

In determining the reasonableness of hourly rates, courts may consider "the fees awarded by other judges in the same locality in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ( "[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). Courts in this district have consistently held that $450 per hour is a reasonable rate for experienced litigators in Las Vegas. *Hurd v. Clark Cty. Sch. Dist.*, No. 216CV02011GMNBNW, 2019 WL 6481283, at *4 (D. Nev. Dec. 2, 2019) ("Defendants have not met their burden to submit evidence rebutting Plaintiffs' citations establishing that $450 per hour is a reasonable rate for attorneys of Lanuti's experience in Las Vegas."); *see also Soule v. P.F. Chang's China Bistro, Inc.*, No. 218CV02239GMNGWF, 2019 WL 3416667, at *2 (D. Nev. July 26, 2019) (describing $450 as a the "upper range of the prevailing rates"). However, a recent survey supports higher rates for attorneys who practice in the areas of class action and TCPA. *See* Declaration of Craig B. Friedberg, Exh. 1.

Each of the three attorneys who billed time on the Emergency Motion are experienced litigators. Ms. McEntee is a member of TMLG with sixteen years of experience, over ten of which has been devoted to complex civil litigation, including class actions. Plaintiffs request a fee award for her time based on the rate of $650 per hour, which was most recently approved in the Central District of California. Mr. Paronich, the founder of Paronich Law, has over a decade

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPERT COSTS - 3
CASE NO. 2:19-CV-00115-RFB-EJY

of legal experience, nearly all of which he earned in the field of consumer class actions. Plaintiffs request a fee award for Mr. Paronich's time based on the rate of $450 per hour. Collectively, TMLG and Paronich Law have been involved in litigation that has resulted in well over $100,000,000 in relief for consumers. Finally, Plaintiffs request a fee award for Mr. Friedberg's time based on his rate of $500 per hour. Mr. Friedberg has been practicing in the area of consumer protection for decades. Plaintiffs recognize that the fee award they seek is, in part, based on hourly rates that exceed rates that courts in this district have found to be reasonable. They nonetheless ask that the Court grant their request based on the complexity of the issues involved, the breadth of experience of Plaintiffs' counsel, and the gravity of the sanctions levied.

       2.      <u>The time Plaintiffs' counsel spent on the Emergency Motion was reasonable.</u>

When calculating the lodestar, the court should credit the prevailing party's attorney with a reasonable number of hours for which to be compensated. *Gonzales v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The prevailing party retains the burden to submit billing records in support of its claim for hours worked. *Id*. The hours worked by the prevailing party's attorney are reasonable if the hours "could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The Ninth Circuit has noted, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*. at 1112.

Plaintiffs' counsel have filed declarations which detail the time they spent on issues related to the Emergency Motion. All of the time Plaintiffs' counsel included was necessary, and relates to conducting research related to the motion, drafting the motion, editing the motion, conferring with co-counsel regarding the motion, reviewing defendants' responses to the motion,

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPERT COSTS - 4
CASE NO. 2:19-CV-00115-RFB-EJY

traveling to Las Vegas for the January 9th hearing, preparing for the hearing, conferring with co-counsel regarding next steps following the hearing, traveling to Seattle from Las Vegas, reviewing the Court's order, and preparing this memorandum of fees and costs. In all, Plaintiffs' counsel devoted 40.9 hours to the Emergency Motion and request an award totaling $25,635.00. *See* Declarations of Adrienne D. McEntee, Anthony I. Paronich, and Craig B. Friedberg.

**B.    Plaintiffs request reimbursement of costs necessarily incurred in traveling to the hearing on Plaintiffs' Emergency Motion.**

Courts may appropriately award costs incurred by Plaintiff pursuant to Fed. R. Civ. P. 37(a). Here, the Court ordered Plaintiffs to "submit to the Court records evidencing the costs incurred for travel to Las Vegas for the January 9, 2020 hearing." ECF No. 125. Those costs, totaling $712.44, are attached to the Declaration of Adrienne D. McEntee as Exhibits 2 through 5 and reflect reasonable expenses for airfare, hotel, car service, and parking costs.

**C.    Plaintiffs request an order requiring EGC to pay the forensic expert directly, on or before March 1, 2020.**

The Court also ordered Plaintiffs to "submit invoices or billing statements from the individual retained to inspect and image EGC, John Williams, and Tyde Bonaparte's work stations and EGC's servers." ECF No. 125. The invoice provided by Complete Legal Services in the amount of $16,132.45 is attached to the Declaration of Adrienne D. McEntee as Exhibit 6. The due date for payment is March 1, 2020. Plaintiffs request an order requiring EGC to pay the invoice in full to Complete Legal on or before March 1, 2020 and to submit a declaration with the Court confirming EGC has done so.

Plaintiffs also request that EGC be required to pay for any further inspection that may be required. EGC and Tyde Bonaparte represented that the only work station available for Team Integrity was that of John Williams. McEntee Decl. ¶ 11. As a result, only the work stations of John Williams and former EGC representative, Matt Alexander, were imaged. *Id.* Moreover, the

forensic expert could not perform the scans and searches the parties had planned on EGC's servers because he received error messages that access was denied. *Id*. No one at EGC was able to provide the expert with permission or credentials that would allow him access. *Id*. During the upcoming deposition, Plaintiffs will ask EGC about files with .txt, .csv, and .xls files that the expert identified on the work stations he was able to image. *Id*. If Plaintiffs are unable to link such files to calls made on Sperian's behalf, Plaintiffs will request additional relief from the Court. *Id*. Any such motion would not be required but for EGC's failure to produce calling records and EGC's failure to have an individual at the inspection with proper authorization to access the system being inspected. Therefore, Plaintiffs respectfully request permission to bring a subsequent motion for payment of expert costs, should a motion be required.

**D.    Plaintiffs request reimbursement of litigation costs incurred in traveling to the inspection of EGC.**

Finally, while the Court granted Plaintiffs' Emergency Motion seeking payment of costs "for the January 14, 2020 inspection," the order did not specify whether such costs included Plaintiffs' travel to Kansas. Because Plaintiffs would not have had to perform the inspection if EGC had produced calling records, Plaintiffs respectfully request reimbursement of the travel costs associated with the trip to Kansas to attend the EGC inspection. Those costs, comprised of airfare, hotel, and rental car (to drive from Kansas City to Pittsburgh, Kansas) total $672.85. Records supporting these costs are attached to the Declaration of Adrienne D. McEntee as Exhibits 7 through 9.

### III.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request (1) an award of attorneys' fees totaling $25,635.00, (2) reimbursement for costs related to the January 9th hearing on the Emergency Motion totaling $712.44, (3) an order requiring EGC to pay the $16,132.25 invoice

from the forensic expert on or before March 1, 2020, and (4) reimbursement of $672.85 in costs Plaintiffs' counsel incurred in traveling to Kansas for the inspection of EGC.

      RESPECTFULLY SUBMITTED AND DATED this 30th day of January, 2020.

      TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Adrienne D. McEntee, *Admitted Pro Hac Vice*
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, *Admitted Pro Hac Vice*
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Craig B. Friedberg, NSB #004606
E-mail: attcbf@cox.net
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968
Facsimile: (702) 825-8071

*Attorneys for Plaintiffs*

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPERT COSTS - 7
CASE NO. 2:19-CV-00115-RFB-EJY

## CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on January 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Ana Tagvoryan
> Email: atagvoryan@blankrome.com
> Harrison Brown
> Email: hbrown@blankrome.com
> BLANK ROME LLP
> 2029 Century Park East, 6th Floor
> Los Angeles, California 90067
> Telephone: (424) 239-3400
> Facsimile: (424) 239-3434
>
> *Attorneys for Defendant Sperian Energy Corp.*
>
> Adam Knecht
> Email: aknecht@alversontaylor.com
> ALVERSON TAYLOR & SANDERS
> 6605 Grand Montecito Parkway, Suite 200
> Las Vegas, Nevada 89149
> Telephone: (702) 384-7000
> Facsimile: (702) 385-7000
>
> *Attorneys for Defendant Energy Group Consultants, Inc.*

DATED this 30th day of January, 2020.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By: /s/ Jennifer Rust Murray, *Admitted Pro Hac Vice*
>     Jennifer Rust Murray, *Admitted Pro Hac Vice*
>     Email: jmurray@terrellmarshall.com
>     936 North 34th Street, Suite 300
>     Seattle, Washington 98103
>     Telephone: (206) 816-6603
>     Facsimile: (206) 319-5450
>
> *Attorneys for Plaintiffs*