**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
6605 Grand Montecito Parkway
Suite 200
Las Vegas, NV 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Energy Group Consultants, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants | CASE NO.: 2:19-cv-00115-RFB-EJY<br><br>**DEFENDANT ENERGY GROUP CONSULTANTS, INC.'S REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION REGARDING ORDER FILED ON JANUARY 17, 2020**<br><br>**ORAL ARGUMENT REQUESTED** |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation,<br><br>Cross-Claimant and Third-Party Plaintiff,<br>v.<br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>Cross-Defendant, and<br>KEVIN SANGUDI, an individual,<br><br>Third-Party Defendant. | |
| Related cross-complaints and third-party complaints. | |

# **DEFENDANT ENERGY GROUP CONSULTANTS, INC.'S REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION FOR ORDER FILED ON JANUARY 17, 2020**

COMES NOW Defendant ENERGY GROUP CONSULTANTS, INC. ("EGC"), by and through its counsel of record, ALVERSON TAYLOR & SANDERS, files its REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION FOR ORDER FILED ON JANUARY 17, 2020. This reply is based upon the following points and authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INTRODUCTION**

On January 17, 2020, this Court entered an Order which awarded Plaintiffs' attorneys' fees and costs for bringing their Emergency Motion for Sanctions (filed on December 27, 2019) and costs related to the inspection and imaging that occurred on January 14, 2020. In the Order, the Court noted repeatedly that, while it found no evidence of spoliation, Defendant ENERGY GROUP CONSULTANTS, INC. ("EGC") had not produced evidence of its efforts to preserve the call records at the heart of this issue. EGC filed its Objection and Motion for Reconsideration (the "Motion") on January 31, 2020.

Plaintiffs filed their response to EGC's Motion on February 13, 2020. In relevant parts, they argued that EGC's Motion failed to meet the standard required for motions for reconsideration under Local Rule 59-1. Contrary to Plaintiffs' assertions, EGC's Motion is warranted, as it demonstrated newly-discovered evidence the Court had not considered, there is good cause to reconsider its Order, and the Court overlooked critical points of law when making its Order.

///

///

## II. **LEGAL ARGUMENT**

**A.     Defendant's Motion Contained Newly Discovered Evidence**

Local Rule 59-1(a) states that "[r]econsideration . . . may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed." When previously unknown facts or evidence are brought to light, the Court can appropriately reconsider its Order. *See Delmonte-Wright v. Geico Cas. Co.*, 2019 U.S. Dist. LEXIS 193587 at *4, 2019 WL 5842942 (D. Nev. November 7, 2019) (reconsidering a denied motion for relief where counsel failed to raise a relevant fact in that motion).

There is relevant evidence that EGC had not discovered at the time Plaintiffs made their emergency motion for sanctions. The Court noted in its Order that "no copy of a communication [to Team Integrity] was provided." *See* Document 125, p. 2. EGC's current counsel is relatively new to this case, having made its first appearance on November 1, 2019. Once EGC's counsel discovered the email to Team Integrity after the January 9th hearing, it promptly produced the email to Plaintiffs when requested to do so.

As noted in the Court's Order, the fact that the Court did not have this evidence in its possession was highly relevant when making its decision to impose sanctions. EGC had not discovered the email before the January 9th hearing. Because EGC produced newly discovered evidence in its Motion for Reconsideration, the Court can properly reconsider its Order under Local Rule 59-1(a).

**B.     The Court Has Good Cause to Reconsider its Order**

Local Rule 59-1(a) also provides that "[t]he court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." Further, while Plaintiffs are correct that motions for reconsideration are disfavored (Local Rule 59-1(b)), they are not correct that there are only three conditions under which such motions can be granted. *Id.* at 59-1(a). Rather,

as noted above, the Court possesses the **inherent power** to reconsider an order, provided there is cause.

EGC clearly showed that there was good cause to grant its Motion. The fact that EGC has responded to Plaintiffs' discovery requests to the best of its ability demonstrates that it has acted in good faith. In fact, it has provided over 8,000 documents as part of these efforts. EGC does not control Team Integrity or G-Energy, so it cannot obligate them to produce records that EGC does not itself have.

Further, contrary to Plaintiffs' assertions in its Response, EGC did request that Team Integrity preserve all call records. Plaintiffs' argument concerning the fact that EGC used the phrase "all data" instead of "call records" is a straw man and nonsensical. Data from the Sperian campaign would necessarily include call records, as the alleged calls are at the crux of Plaintiffs' complaint concerning the Sperian campaign. EGC wanted Team Integrity to preserve **all** data that might be relevant to this matter; for that reason, it used broad language that would encompass all discoverable information, including the call records. EGC has done its best to ensure that third parties (which it does not control) preserve relevant data.

Because EGC has attempted to comply with all discovery requests in good faith, this Court has good cause to use its inherent power to reconsider its January 17th Order.

**C.    The Court Overlooked Critical Points of Law under FRCP 37**

Local Rule 59-1(a)(3) also provides that reconsideration is appropriate when the "court committed clear error or the initial decision was manifestly unjust." The party seeking reconsideration "must state with particularity the points of law or facts that the court has overlooked or misunderstood." *Id*. at 59-1(a).

In its Order, the Court granted sanctions pursuant to FRCP 37(a), which are related to motions to compel. Critically, sanctions under FRCP 37(a)(5) *are limited* to motions to compel. To

that end, only reasonable expenses incurred in making a motion to compel are allowed under this Rule.

Plaintiffs' Notice of Emergency Motion was not a motion to compel. *See* Document 113. Plaintiffs and EGC had already agreed to allow Plaintiffs to inspect and image the work stations at its facility, which Plaintiffs do not appear to dispute. *Id*. at p. 15. Plaintiffs' Motion appears to have been filed for the express purpose of requesting monetary sanctions and for an adverse inference against EGC.

It should also be noted that the Court declined to find an adverse inference or find that EGC had engaged in spoliation in its January 17th Order. *See* Document 125, pp. 6–7. Thus, the avenue that the Court decided to rely on was its power to impose sanctions related to motion-to-compel expenses. Id. at p. 6. Because Plaintiffs' Motion was not filed to compel EGC to do anything, there were no expenses incurred in bringing a motion to compel. *See* FRCP 37(a)(5)(A). EGC had already agreed to an inspection and it had complied with Plaintiffs' discovery requests to every extent possible. In fact, Plaintiffs' own title for its Motion betrays its purpose: "Emergency Motion for Sanctions Directed to Defendant Energy Group Consultants, Inc." See Document 113, p. 1. Because FRCP 37(a) sanctions are limited to motions to compel, and because Plaintiffs' motion was not a motion to compel, Plaintiffs should receive no award of sanctions.

Finally, some of the sanctions awarded by the Court are not awardable under FRCP 37(a). In its Order, the Court awarded amounts incurred from "the inspection and imaging that occurred during the [January 14, 2020] inspection." *See* Document 125, p. 7. Again, FRCP 37(a)(5)(a) limits monetary sanctions to "the movant's reasonable expenses *incurred in making the motion* [to compel]." (Emphasis added). The forensic expert who performed the inspection was not at all involved in making Plaintiffs' emergency motion; these costs should not have been awarded as appropriate FRCP 37 sanctions.

5                                             KB/26465

Thus, because FRCP 37(a) sanctions are limited to motion-to-compel expenses, this Court can properly find that the Order overlooked critical points of law and reconsider its Order.

### III.   CONCLUSION

For the reasons detailed above, EGC respectfully requests that this Court reconsider its January 17th Order and deny sanctions against EGC.

DATED this 20th day of February, 2020.

ALVERSON TAYLOR & SANDERS

/s/ Adam R. Knecht
KURT R. BONDS, ESQ.
Nevada Bar #6228
ADAM R. KNECHT, ESQ.
Nevada Bar #13166
6605 Grand Montecito Pkwy., Ste. 200
Las Vegas, Nevada 89149
*Attorneys for Energy Group Consultants, Inc.*

### CERTIFICATE OF SERVICE VIA CM/ECF

I hereby certify that on this 20th day of February, 2020, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **DEFENDANT ENERGY GROUP CONSULTANTS, INC.'S REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION REGARDING ORDER FILED ON JANUARY 17, 2020** addressed to:

- **Kurt R. Bonds**
  efile@alversontaylor.com,kbonds@alversontaylor.com

- **Harrison Brown**
  HBrown@blankrome.com,dmoaven@blankrome.com,atagvoryan@blankrome.com,edocketing@blankrome.com,arc@blankrome.com,dalessi@blankrome.com

- **Craig B. Friedberg**
  attcbf@cox.net,attcbf@pacernotice.com,attcbf@yahoo.com,cbfriedberg@justice.com,attcbf@hotmail.com

- **Adam R Knecht**
  efile@alversontaylor.com,kbonds@alversontaylor.com

- **Adrienne D. McEntee**
  amcentee@terrellmarshall.com,hbrown@terrellmarshall.com,bkinsey@terrellmarshall.com,jnuss@terrellmarshall.com,docketrequests@terrellmarshall.com,hrota@terrellmarshall.com,filing@terrellmarshall.com

- **Jennifer Rust Murray**
  jmurray@terrellmarshall.com,hbrown@terrellmarshall.com,bkinsey@terrellmarshall.com,jnuss@terrellmarshall.com,docketrequests@terrellmarshall.com,hrota@terrellmarshall.com,filing@terrellmarshall.com

- **Anthony I. Paronich**
  anthony@paronichlaw.com

- **Gary E. Schnitzer**
  gschnitzer@ksjattorneys.com,cdrelich@ksjattorneys.com

- **Ana Tagvoryan**
  atagvoryan@blankrome.com

/s/ Kimber Foster
An Employee of ALVERSON TAYLOR & SANDERS

N:\kurt.grp\CLIENTS\26400\26465\pleading\Reply in Support of Motion for Reconsideration (2).doc

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NV 89149
(702) 384-7000

KB/26465