UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>    Defendants. | Case No. 2:19-cv-00115-RFB-EJY<br><br>**ORDER** |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP., a Nevada corporation,<br><br>    Cross-Claimant and Third-Party Plaintiff,<br><br>v.<br><br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>    Cross-Defendant<br><br>KEVIN SANGUDI, an individual,<br><br>    Third-Party Defendant. | |
| Related cross-complaints and third-party complaints. | |

Before the Court is Plaintiffs' Memorandum in Support of Attorneys' Fees and Reimbursement of Expert Costs (ECF No. 127). The Court has considered Plaintiff's Memorandum and Defendant Energy Group Consultants, Inc.'s Objection (ECF No. 129).[1]

---

[1] Energy Group Consultants is referred to herein as "EGC."

1

The background underlying Plaintiffs' Memorandum and the Court's Order granting attorneys' fees and costs (EFC No. 128) is well known to the parties. This background is summarized in the Court's Order entered in response to EGC's Motion for Reconsideration (ECF No. 153 at 2-10) and is not repeated here.[2]

**DISCUSSION**

A.   Attorneys' Fees

As discussed at length in the Court's May 27, 2020 Order (ECF No. 153), attorney's fees and costs arising from Plaintiffs' Motion for Sanctions were properly awarded pursuant to the Court's inherent powers, as well as pursuant to Fed. R. Civ. P. 36(b). *Id*. Thus, now, as the Court considers the award of reasonable attorney's fees, I must assess the "prevailing market rates" in the District of Nevada, comparing rates charged by "lawyers of reasonably comparable skill, experience and reputation" to those rates requested by the party before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount" by multiplying the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[3] The second step requires the Court to consider adjusting the lodestar upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).

Here, Plaintiffs ask the Court to find hourly rates of $650 for Ms. McEntee, $450 for Mr. Paronich, and $500 for Mr. Friedberg reasonable "based on the complexity of the issues involved, the breadth of experience of Plaintiffs' counsel, and the gravity of the sanctions levied." ECF No. 127 at 4. Plaintiffs explain that Mr. McEntee is a "member" of her law firm, has more than 10 years of practice "devoted to complex civil litigation, including class actions," and that her rate was most

---

[2]   An award of attorneys' fees and costs to Plaintiffs for bringing their Emergency Motion for Sanctions remains the order of the Court; however, the Court reconsidered and does not award fees or costs associated with Plaintiffs' expert's investigation. ECF No. 153.

[3]   Because "EGC agrees with Plaintiffs' description of calculating the lodestar amount …" (ECF No. 129 at 5) the Court does not discuss alternative methods of calculating attorneys' fees.

2

recently approved by the U.S. District Court for the Central District of California. *Id*. at 3. Plaintiffs state that Mr. Paronich is the founder of his law firm, and has more than 10 years "of legal experience, nearly all of which" has been in consumer class actions. *Id*. at 3-4. Plaintiffs also state that Mr. Friedberg "has been practicing in the area of consumer protection for decades." *Id*. at 4.

With respect to the amount of time spent on the Emergency Motion (ECF No. 113) for which fees and costs were awarded (ECF No. 128, confirmed in ECF No. 153), Plaintiffs submitted billing records showing that Ms. McEntee billed 35.4 hours of time to preparing the Motion for Sanctions and for travel to and from Las Vegas for the January 9, 2020 hearing at which the Motion was argued. ECF No. 127-1 at 5 ¶ 6. Plaintiffs excluded "more than five hours of time" from the billing that was incurred by a legal secretary whose time is usually billed at $225 an hour. *Id*. at 6 ¶ 8. Mr. Paronich submits a declaration stating that he spent 2.5 hours "researching, draft[ing] and editing the emergency motion to compel." ECF No. 127-3 at 2 ¶ 3. The Court did not find billing records for this time attached to Plaintiffs' Memorandum; nonetheless, Mr. Paronich is requesting $1,125 in attorney fee reimbursement. *Id.* at 3 ¶ 4. Mr. Friedberg's declaration states that he spent a total of three hours preparing for and attending the January 9, 2020 hearing, as well as meeting with co-counsel regarding the "hearing results and further procedures." ECF No. 127-2 at 2 ¶ 2. Mr. Friedberg appears to have copied and pasted these time entries into his declaration. *Id*. Mr. Friedberg is requesting a total of $1,500 in attorney fee reimbursement. *Id*. at 3.

Plaintiffs' counsel also provides the Court with an Attorney Fee Survey Report for 2017-2018 (the "Survey"). ECF No. 127-2 at 7-9. The Survey focuses on attorneys who primarily practice consumer law. *Id.* at 8. The Survey further shows a "Median Attorney Rate for All Attorneys" in the southern part of Nevada as $450 an hour. *Id*. For those "Handling Class Action Cases" the median rate is $500 an hour. *Id*. at 9.

EGC argues that the Survey "demonstrates its own irrelevancy: it states that the 'Median Attorney Rate for All Attorneys' is $450 per hour.'" ECF No. 129 at 7. EGC further argues that Plaintiffs' rates are "exorbitant" based on a 2012 decision[4] in which $375 an hour was approved by

---

[4]   *Aeveo Corp. v. Shenzhen Membrane Precise Electron Ltd.*, Case No. 2:12-cv-00054-GMN-PAL, 2012 WL 2244262 (D. Nev. June 15, 2012).

the Court in a "complex intellectual property case." *Id.* EGC then argues that a rate between $250 an hour (approved in a personal injury matter) and $375 an hour (approved in the intellectual property matter) is the proper hourly rate for partners in this case. *Id.* EGC asks the Court to reduce the hourly rate charged by partners and senior counsel to $300 an hour, and to $200 an hour for associates. *Id.* EGC also argues that the number of hours billed by Attorney McEntee should be reduced to 2.5 hours at the partner rate, and 32.9 hours at the associate rate because it is not EGC's fault that there was no associate available to assist Ms. McEntee at the time she prepared the Motion for Sanctions. *Id.* at 8-9.[5]

As explained in *Soule*, the burden is on Plaintiffs to establish that the fees they seek are reasonable. *Soule*, 2019 WL 3416667, at *1 (citation omitted). All three of those serving as Plaintiffs' counsel submitted declarations in support of their respective requests for fees. While only two of the three attorneys submitted information supporting the amount of time billed, EGC does not take issue with the time billed by either Mr. Friedberg (who included a description of the time spent in his declaration) or Mr. Paronich (who did not include billing records or a specific description of the time spent). Mr. Paronich has been practicing for "over a decade" while Mr. Friedberg does not state in his declaration how long he has been in practice or that he has a particular area of expertise. ECF Nos. 127-2 and 127-3. Nonetheless, the billable rates for Messrs. Paronich and Friedberg, respectively $450 and $500 an hour, are below or at the median rate for Southern Nevada attorneys practicing class action consumer law as reported in the Survey. ECF No. 127-2 at 7-9. Moreover, Mr. Friedberg provides several cites to state and federal court cases in which his $450 hourly rate was approved. ECF No. 127-2 at 2 ¶ 4. Mr. Friedberg further explains that his rate change from $450 to $500 an hour occurred in January 2019, after four years of no change to his billing rate, as well as because of increased costs of operations. Mr. Paronich provides a list of federal court cases in Connecticut, Georgia, and Maryland in which his $450 an hour rate has been approved. ECF No. 127-3 at 2 ¶ 4. EGC's reference to a rate charged eight years ago in an intellectual property case does not undermine the specific evidence presented by Messrs. Paronich

---

[5] EGC does not object to the amount of time billed by Messrs. Paronich or Friedberg. ECF No. 129 at 9.

and Friedberg or the results of the Survey reporting rates of Southern Nevada attorneys from two to three years ago. Thus, the Court approves the rates requested by these counsel, and the award of $1,125.00 and $1,500.00 respectively in attorneys' fees.

Ms. McEntee provides the Court with information regarding her background including her graduation from the University of Washington School of Law 17 years ago, her status as a "member" of her law firm, and her experience in the Prosecuting Attorney's Office for King County (where Seattle, Washington is located). ECF No. 127-1 at 5 ¶ 5. Unfortunately, Ms. McEntee was the only attorney who worked on the Emergency Motion for Sanctions as the December holidays prevented her from having an associate at her disposal. *Id*. ¶ 6. Ms. McEntee billed 35.4 hours to the Emergency Motion, which included eighteen pages of text and her seven page declaration. ECF No. 113. The Motion was a total of 102 pages with all exhibits. *Id*. Ms. McEntee cites to recent cases in the Central District of California and the Southern District of New York in which her hourly rate has been approved. These citations, however, do not support an award of $650 an hour for Ms. McEntee's work on a case pending in the District of Nevada. The Central District of California and the Southern District of New York are courts located in two of the more expensive locations in the country. Moreover, it is the rate charged by Mr. Friedberg, a long time practitioner in Las Vegas, Nevada, that supports the conclusion that Ms. McEntee's rate does not reflect the prevailing rate in this district. That is, Mr. Friedberg, who is described by Ms. McEntee as having practiced in the area of "consumer protection for decades" (ECF No. 127 at 4), is an appropriate comparator. In sum, there is strong evidence before the Court that the upper range of prevailing rates in this District, even in a consumer class action, is $500 an hour. Thus, Ms. McEntee's rate will be reduced to $500 an hour.[6]

---

[6] The Court rejects EGC's argument that Ms. McEntee's rate should be reduced to that of an associate because it is not EGC's fault that an associate was unavailable to assist her. *See Chaid v. Glickman*, Case No. C98-1004 WHO JCS, 1999 WL 33292940, at *14-15 (N.D. Cal. Nov. 17, 1999) ("The decision on whether to reduce by task the hourly rate charged by an individual timekeeper must be addressed on a case-by-case basis. As a preliminary matter, it should be noted that this Court is reluctant to become embroiled in decisions involving staffing of individual cases or the structuring of the firms that come before it. That level of scrutiny vastly exceeds the typical review where fees are sought, where a court decides whether a particular task was necessary, unnecessary, or the time spent on it excessive. If we were to examine the individual staffing decisions of each firm before us, we would have to consider the minutia behind such a decision, including the availability of associates in the market, whether it made sense for other reasons for the firm not to hire them, whether there are other associates at the firm, what the workload of those associates was like, and similar such individual matters.").

With respect to the number of hours billed by Ms. McEntee, the Court found some time entered was spent on the inspection protocol for which no fees are awarded. ECF Nos. 127-1 at 11; 153 at 20-21. Thus, looking only at the hours spent on the Emergency Motion, the Court finds 32.8 hours, which includes travel time, is properly attributed to the Motion and its argument before the Court. At $500 an hour, the Court awards $16,400 in attorney's fees to Ms. McEntee, and total fees of $19,025.00.

B.   The Costs

Plaintiffs' counsel seeks $712.44 in costs associated with the Emergency Motion and travel to Las Vegas for the January 9, 2020 hearing. This includes: $296.60 for roundtrip coach airfare from Seattle to Las Vegas (ECF No. 127-1 at 13; excluding the $10.00 nonrefundable and unidentified fee), $273.20 and $35.52 for the room and taxes, respectively, charged by the Golden Nugget (ECF No. 127-1 at 16; the price higher than expected due to the Consumer Electronic Show), $50.12 for rideshare service to and from McCarran Airport (ECF No. 127-1 at 19), and $57.00 for overnight parking at Seattle-Tacoma International Airport (ECF No. 127-1 at 21). This totals $712.44.

EGC argues that a search of the Golden Nugget's website for room rates on the night of February 26 shows a rate of $105.09. EGC refers to Exhibit D, but no such exhibit is found on the docket. After deducting travel costs for the inspection in Kansas, which the Court has concluded will not be awarded (ECF No. 153), EGC asks the Court to reduce counsel's costs from the amount requested to $508.81 based solely on the difference in room charges for the Golden Nugget.

The 2019 Consumer Electronics Show in Las Vegas ran from January 8 through January 11, 2019. https://www.showsbee.com/fairs/18351-International-CES-2019.html. Room rates for even lower priced hotels increase substantially during CES. *See* January 4, 2019 Las Vegas Review Journal article stating: "CES 2019: Las Vegas motel room rates skyrocket." https://www.reviewjournal.com/business/conventions/ces/ces-2019-las-vegas-motel-room-rates-skyrocket-1565993/.[7] Thus, based on the totality of the information before the Court, the Court

---

[7] This article also states: "A room at the Days Inn at 3330 W. Tropicana Ave. costs $377 for the first night of CES — but a week later, a comparable room is only $29, according to a search last month on Booking.com." *Id.*

1  awards Plaintiffs $712.44 in costs arising from travel for purposes of arguing the Emergency Motion
2  for Sanctions.

3  **ORDER**

4  Accordingly,

5  IT IS HEREBY ORDERED that Plaintiffs' Memorandum in Support of Attorneys' Fees and
6  Reimbursement of Expert Costs is GRANTED in the reduced amount of $19,737.44, as explained
7  above.

8  IT IS FURTHER ORDERED that Defendant EGC is to make payment to Plaintiffs within
9  30 days of the date of this Order unless an objection is filed.

10  Dated this 4th day of June, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE