UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants. | Case No. 2:19-cv-00115-RFB-EJY<br><br>**ORDER** |
| TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP., a Nevada corporation,<br><br>Cross-Claimant and Third-Party Plaintiff,<br><br>v.<br><br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>Cross-Defendant<br><br>KEVIN SANGUDI, an individual,<br><br>Third-Party Defendant. | |
| Related cross-complaints and third-party complaints. | |

Before the Court is Plaintiffs' Memorandum Regarding Attorneys' Fees Incurred with Respect to Plaintiffs' Motion for Order to Show Cause (ECF No. 164) and Reply in Support of the Same (ECF No. 170). ECF No. 174. No response to the Memorandum was filed.

The full background leading to Plaintiffs' Memorandum is found in the Court's October 27, 2020 Order (EFC No. 173 at 2-10). This background is not repeated here.

**DISCUSSION**

A.     Attorneys' Fees

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). When considering reasonable attorney's fees, the Court must review the "prevailing market rates in the relevant community" comparing hourly rates charged by "lawyers of reasonably comparable skill, experience and reputation." *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process requiring the Court to first "calculate the lodestar amount by taking the number of hours reasonably expended on the" motion at issue and multiplying that number "by a reasonable hourly rate." *Id*. (citations omitted). The second step requires the Court to consider adjusting the lodestar upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. *citing Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).

Here, Plaintiffs ask the Court to find hourly rates of $500 for Ms. McEntee and $450 for Mr. Paronich. These rates are consistent with the hourly rates previously approved by the Court (ECF No. 154), and they are approved again. Plaintiffs also ask the Court to approve the $275 hourly rate for their law clerk Victoria White. Some years ago, associate rates in the District of Nevada typically ran between $250 and $350 an hour. *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-1300-GMN-GWF, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) ("[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface Technology, LLC v. Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for Nevada). The Court finds the rate of $275 an hour, in 2020, is not unreasonable and is approved.

B.     Time Billed

"District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir. 2006).  This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative.  *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012).  Ultimately, when reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary.  *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).  Finally, it is always Plaintiffs' burden to establish that the fees they seek are reasonable.  *Soule*, 2019 WL 3416667, at *1 (citation omitted).

A review of the billing statement provided shows that Plaintiffs no-charged time $652 worth of time they recognized as duplicative or not justified in this case.  The remainder of the time billed for the Motion and Reply, a total of 30.7 hours, is reasonable given the history and complexity of the matter, as well as the research and drafting required to prepare these filings.  Thus, $9,995.00 in total fees are approved by the Court for Ms. McEntee and Ms. White, and $3,240 in fees are approved for Mr. Paronich.[1]

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Memorandum Regarding Attorneys' Fees Incurred with Respect to Plaintiffs' Motion for Order to Show Cause (ECF No. 164) and Reply in Support of the Same (ECF No. 170), docketed as ECF No. 174, is GRANTED.

---

[1]    Plaintiffs seek no costs.

IT IS FURTHER ORDERED that Defendant EGC shall pay to Plaintiffs 10% of the total $13,235 in fees awarded each month over the next six months. The first payment shall be due on February 1, 2021. The five payments shall be on the first business day of each of the subsequent five months.

IT IS FURTHER ORDERED that failure to make payment in any given month, absent notice filed with the Court and served on Plaintiffs that is supported by objective evidence of an inability to pay, will be considered further contempt of Court. Multiple failures to pay may result in additional sanctions.

Dated this 4th day of January, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE