**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
(702) 384-7000 / (702) 385-7000 (Fax)
efile@alversontaylor.com
*Attorneys for Energy Group Consultants, Inc.*
*and Energy Group Consultants, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG and JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SPERIAN ENERGY CORP., a Nevada corporation, ENERGY GROUP CONSULTANTS, INC., a Kansas Corporation, and BAETYL GROUP LLC, a Texas limited liability company,<br><br>Defendants.<br>TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP, a Nevada corporation,<br><br>Cross-Claimant and Third-Party Plaintiff,<br>v.<br><br>BAETYL GROUP LLC, a Texas limited liability company,<br><br>Cross-Defendant, and<br><br>KEVIN SANGUDI, an individual,<br><br>Third-Party Defendant.<br>Related cross-complaints and third-party complaints. | CASE NO.: 2:19-cv-00115-RFB-EJY<br><br>**DEFENDANT/CROSS-DEFENDANT ENERGY GROUP CONSULTANTS, INC. AND THIRD-PARTY DEFENDANT ENERGY GROUP CONSULTANTS, LLC'S MOTION TO QUASH SUBPOENAS** |

/ / /

1

AK/26465

## DEFENDANT/CROSS-DEFENDANT ENERGY GROUP CONSULTANTS, INC. AND THIRD-PARTY DEFENDANT ENERGY GROUP CONSULTANTS, LLC'S MOTION TO QUASH SUBPOENAS

Defendant/Cross-Defendant ENERGY GROUP CONSULTANTS, INC. ("EGC, Inc.") and Third-Party Defendant ENERGY GROUP CONSULTANTS, LLC ("EGC, LLC" and, collectively with EGC, Inc., "EGC"), by and through their counsel of record, hereby file this Motion and respectfully request for this Court to quash multiple subpoenas served by Defendant/Cross-Claimant/Third-Party Plaintiff TOMORROW ENERGY CORP fka SPERIAN ENERGY CORP ("Sperian").

## I.   INTRODUCTION

On the eve of the discovery deadline, Sperian is attempting to flood EGC with improper and untimely discovery requests. Instead of propounding requests for production of documents pursuant to Federal Rule of Civil Procedure ("FRCP") 34, Sperian is attempting to circumvent the rules by issuing FRCP 45 subpoenas on short notice to EGC, a party in this case.

On August 18, 2021 at 3:50 PM, Sperian's counsel sent an email message to EGC's counsel, which contained a document entitled "Notice of Subpoenas." *See* Notice of Subpoenas, attached hereto as **Exhibit B**. Minutes later, at 3:53 PM, Sperian's counsel sent another email message to EGC's counsel, which contained two subpoenas:

1. Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Energy Group Consultants, Inc., attached hereto as **Exhibit C** (the "EGC, Inc. Subpoena"); and

2. Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Energy Group Consultants, LLC, attached hereto as **Exhibit D** (the "EGC, LLC Subpoena," and collectively with the EGC, Inc. Subpoena, the "Subpoenas").

The Subpoenas are essentially identical, with each containing approximately 18 requests directed at EGC, Inc. and EGC, LLC, respectively. *See* Exhibits C, D. The Subpoenas indicate that compliance is required by August 30, 2021 at 9:00 A.M. Pacific Time. *See id.*

EGC submits that the Subpoenas should be quashed without delay. The Subpoenas represent improper attempts to circumvent the rules of civil procedure. Put simply, Sperian only disguised its untimely document requests as improper Subpoenas in an effort to avoid the discovery deadline of August 31, 2021.

As EGC is a party to this case, the typical process to request documents is for Sperian to propound FRCP 34 document requests, which allow for a party to respond within 30 days. However, for reasons unknown to EGC, Sperian was not diligent in discovery. Due to Sperian's inexplicable delay, Sperian would not be able to propound timely FRCP 34 requests, as the amount of time from the date of service (i.e., August 18, 2021) to the discovery deadline (i.e., August 31, 2021) was significantly less than 30 days. Apparently, Sperian decided that serving the improper FRCP 45 Subpoenas would solve the problem, as FRCP 45 does not set a deadline to respond to a subpoena.

As set forth in the Declaration of Adam R. Knecht, Esq. attached hereto as **Exhibit A**, EGC opposes these improper Subpoenas because they were served in an attempt to circumvent the rules. EGC will be subject to annoyance, harassment, and undue burden if the Subpoenas are not quashed, as Sperian delayed propounding timely discovery until the eleventh hour and now has attempted to circumvent the rules due to this failure. Counsel for EGC met and conferred with counsel for Sperian prior to filing this Motion, but a resolution could not be reached.

Therefore, EGC moves this Court for an Order quashing the improper Subpoenas. This Court must stop Sperian from circumventing the rules by attempting to issue untimely FRCP 34 requests disguised as improper Subpoenas on the eve of the discovery deadline. Accordingly, this Court should grant the instant Motion and quash the Subpoenas.

## II. LEGAL STANDARD

### A. FRCP 34 – Requests for Production of Documents

FRCP 34 governs requests for production of documents. *See generally* FRCP 34. In general, FRCP 34 document requests are reserved for parties to a case. *See* FRCP 34(a) ("A party may serve on any other party a request[.]"). In almost all situations, parties are given at least 30 days from the date of service to respond to FRCP 34 document requests. *See* FRCP 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served[.]").

### B. FRCP 45 – Subpoenas

FRCP 45 governs subpoenas. *See generally* FRCP 45. As is relevant in this scenario, a subpoena must be quashed if, upon timely motion, it is determined that the subpoena would "subject[] a person to undue burden." *See* FRCP 45(d)(3)(A)(iv).

Typically, the purpose for issuing a subpoena pursuant to FRCP 45 is to obtain discovery from nonparties. *See Reed v. Dzurenda*, No. 2:19-CV-00326-JAD-BNW, 2021 WL 279812, at *1 (D. Nev. Jan. 27, 2021) ("The parties may obtain discovery from nonparties, but only through a subpoena under Rule 45."); *Singleton v. Jupiter Communities, LLC*, No. 2:12-CV-02056-JAD, 2014 WL 251659, at *3 (D. Nev. Jan. 22, 2014) ("The purpose of Rule 45 is generally to allow counsel to compel someone who is not a party to appear for a deposition and/or produce documents."). Although the clear purpose of FRCP 45 subpoenas is for nonparty discovery, courts have acknowledged that FRCP 45 does not explicitly limit the issuance of subpoenas to nonparties. *See Thomas v. IEM, Inc.*, No. CIV. A. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (acknowledging that FRCP 45 subpoenas are "not technically precluded by the language of Rule 45 from being served upon parties to litigation").

However, on multiple occasions, Nevada district courts have made it clear that FRCP 45 subpoenas cannot be used to circumvent the discovery process between parties. Specifically, Nevada

AK/26465

courts have determined that FRCP 45 subpoenas cannot be used as a substitute for FRCP 34 document requests. *See, e.g.*, *Casun Inv., A.G. v. Ponder*, No. 2:16-CV-2925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019) ("A subpoena may not be used to circumvent the requirements of Rule 34."); *Singleton v. Jupiter Communities, LLC*, No. 2:12-CV-02056-JAD, 2014 WL 251659, at *3 (D. Nev. Jan. 22, 2014) ("Rule 45 is not the proper procedure to seek discovery more appropriately subject to a Rule 34 request."); *Wirtz v. Loc. Union 169, Int'l Hod Carriers' Bldg. & Common Laborers' Union of Am., AFL-CIO*, 37 F.R.D. 349, 351 (D. Nev. 1965) ("A subpoena duces tecum, under Rule 45, is not intended as a substitute for a motion to produce under Rule 34, where, as in this case, the subpoena requires production of documents under the control of plaintiff, as distinguished from documents in the possession and control of an independent witness."). This restriction on FRCP 45 subpoenas exists because, "[i]f the documents are available from a party, a request for production under Rule 34 should be used." *See Casun Inv., A.G. v. Ponder*, No. 2:16-CV-2925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019).

### III. ARGUMENT

#### A. THE SUBPOENAS MUST BE QUASHED

The precedent of the Nevada district courts is clear on this issue. If a party attempts to circumvent the discovery process by issuing subpoenas pursuant to FRCP 45 instead of propounding document requests pursuant to FRCP 34, then any such improper subpoenas are not allowed. This is exactly what Sperian is attempting to do in this case.

Here, Sperian served notice of the Subpoenas on August 18, 2021. *See* Exhibit B. Three minutes later, Sperian served the Subpoenas. *See* Exhibits C, D. The Subpoenas seek "all DOCUMENTS" pertaining to approximately 18 requests directed to EGC, Inc. and EGC, LLC, respectively. *See id.* The Subpoenas require compliance by August 30, 2021. *See id.*

EGC is a party to this case. Although FRCP 45 does not explicitly forbid Sperian from

5                                                                  AK/26465

attempting to serve the Subpoenas on a party, the Subpoenas themselves are only requesting documents that are in EGC's possession. *See id.* Because of this, the appropriate discovery method for requesting documents from a party is through FRCP 34 documents requests. *See* FRCP 34. If Sperian had correctly propounded these requests as FRCP 34 document requests, then the rules would have provided EGC with at least 30 days to respond. *See* FRCP 34(b)(2).

Pursuant to the current scheduling order of the Court, the discovery deadline in this case is August 31, 2021. *See* Stipulation and Order Regarding Discovery, Class Certification, and Dispositive Motion Deadlines, ECF No. 185, filed April 13, 2021. Given that Sperian waited until August 18, 2021, it would have been impossible for Sperian to propound timely FRCP 34 document requests since the requests were not propounded at least 30 days before the discovery deadline. To get around this, Sperian disguised its document requests as Subpoenas with compliance deadlines on August 30, 2021, meaning that EGC had only 12 days to respond.

Sperian is not allowed to circumvent the discovery process in this way. Again, Nevada district courts have determined that FRCP 45 subpoenas cannot be used as a substitute for FRCP 34 document requests or otherwise be used to avoid the deadlines associated with FRCP 34 document requests. *See, e.g.*, *Casun Inv., A.G. v. Ponder*, No. 2:16-CV-2925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019) ("A subpoena may not be used to circumvent the requirements of Rule 34."); *Singleton v. Jupiter Communities, LLC*, No. 2:12-CV-02056-JAD, 2014 WL 251659, at *3 (D. Nev. Jan. 22, 2014) ("Rule 45 is not the proper procedure to seek discovery more appropriately subject to a Rule 34 request."); *Wirtz v. Loc. Union 169, Int'l Hod Carriers' Bldg. & Common Laborers' Union of Am., AFL-CIO*, 37 F.R.D. 349, 351 (D. Nev. 1965) ("A subpoena duces tecum, under Rule 45, is not intended as a substitute for a motion to produce under Rule 34, where, as in this case, the subpoena requires production of documents under the control of plaintiff, as

distinguished from documents in the possession and control of an independent witness.").[1] With respect to each of the subpoenas directly at issue, each of the courts cited above either quashed the offending subpoena or otherwise denied a motion to compel compliance with the offending subpoena. *See id.*

This case has been open for over two years. Sperian has already propounded written discovery, including FRCP 34 document requests, upon EGC in this case, so there is no question that Sperian's counsel is aware of correct process. Sperian has known about the current discovery deadline of August 31, 2021 since the latest scheduling order was entered by the Court in April 2021, and there is no current pending request for an extension of the deadlines. There is no reason why Sperian could not have propounded timely FRCP 34 document requests if Sperian wanted the documents listed in the Subpoenas. This Court cannot allow Sperian to skirt the rules in this manner.

Based on the above, the Subpoenas must be quashed. FRCP 45(d) requires a subpoena to be quashed if, upon timely motion, it is determined that the subpoena would "subject[] a person to undue burden." *See* FRCP 45(d)(3)(A)(iv). The Subpoenas must be quashed because they would subject EGC to an undue burden, in that EGC would be forced to respond to improper and untimely document requests that should have been propounded as FRCP 34 document requests. This Motion is timely, as the time for compliance with the Subpoenas has not expired (i.e., August 30, 2021), nor has the discovery deadline passed (i.e., August 31, 2021).

**B.   THIS COURT SHOULD AWARD SANCTIONS AGAINST SPERIAN IN FAVOR OF EGC**

Since the Subpoenas are improper, this Court should issue an award of sanctions against

---

[1]   As the Nevada district courts have already spoken on this issue, it is not necessary to detail the findings of courts in other jurisdictions. Nevertheless, it is worth noting that many courts in other jurisdictions have found this to be true as well. *See, e.g.*, *Thomas v. IEM, Inc.*, No. CIV. A. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) ("The Court will not allow Thomas to employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents from IEM that could have been requested pursuant to a Rule 34 document request well before that deadline.").

Sperian in favor of EGC, as EGC was required to file a motion to quash the improper Subpoenas. Pursuant to FRCP 45(d)(1), a court must impose sanctions if a party misuses the discovery process and imposes an undue burden on the opposing party, which includes attorney fees. *See* FRCP 45(d)(1); *see also In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4846522, at *4 (N.D. Cal. Aug. 7, 2012) ("Rule 45 imposes a mandatory responsibility on this court to protect nonparties from unduly burdensome discovery"). "The court has discretion over the type and degree of sanction imposed." *See Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012) (citations omitted). Indeed, "[a] court may . . . impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *See id.* at 428 (citations omitted).

Based on the above, there is no question that Sperian abused the discovery process. Sperian attempted to issue Subpoenas to circumvent the rules, as FRCP 34 document requests were the correct method and Sperian's inexplicable delays resulted in its own inability to propound timely requests. Sperian attempted to flood EGC with improper discovery at the eleventh hour through these Subpoenas, as well as the improper attempt to set a second deposition of EGC without a Court order (which is the subject of a separate Emergency Motion). EGC faced undue burden in responding to the improper Subpoenas, as EGC would not have been required to respond to FRCP 34 document requests since they would have been untimely. EGC was forced to file this instant Motion to quash the improper Subpoenas, as Sperian's counsel declined to withdraw them after a meet and confer.

Therefore, this Court should issue an award of sanctions against Sperian in favor of EGC. The sanctions should include, but are not limited to, EGC's attorney fees and costs incurred in this matter.

/ / /

## IV. CONCLUSION

Based on the foregoing, EGC respectfully requests this Court to GRANT this Motion in its entirety. EGC requests this Court to quash the Subpoenas and issue an award of sanctions against Sperian in favor of EGC.

DATED this 25th day of August, 2021.

                ALVERSON TAYLOR & SANDERS

                */s/ Adam R. Knecht*_____
                KURT R. BONDS, ESQ.
                Nevada Bar No. 6228
                ADAM R. KNECHT, ESQ.
                Nevada Bar No. 13166
                6605 Grand Montecito Parkway, Suite 200
                Las Vegas, Nevada 89149
                (702) 384-7000 / (702) 385-7000 (Fax)
                efile@alversontaylor.com
                *Attorneys for Energy Group Consultants, Inc.*
                *and Energy Group Consultants, LLC*

## CERTIFICATE OF SERVICE VIA CM/ECF

I hereby certify that on this ___ day of August, 2021, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **DEFENDANT/CROSS-DEFENDANT ENERGY GROUP CONSULTANTS, INC. AND THIRD-PARTY DEFENDANT ENERGY GROUP CONSULTANTS, LLC'S MOTION TO QUASH SUBPOENAS** addressed to:

                /s/ Teri Jenks_____
                An Employee of ALVERSON
                TAYLOR & SANDERS

I:\CLIENTS\26400\26465\pleading\26465 - Motion Quash (Subpoenas).docx